# IN THE MATTER OF JOHN E. BUSH.

### CONTEMPT OF COURT.

HEARING, FEBRUARY 11, 1891.    DECISION, FEBRUARY 25, 1891.

JUDD, C.J., BICKERTON, AND DOLE, JJ. McCULLY J., DISSENTING.

A publication in a newspaper, that certain Justices of this Court, now in
 office, are guilty of an unexpiated crime and therefore unworthy to sit
 in judgment upon others, is a "publication of malicious invectives
 against the Court and tending to bring such Court and the adminis-
 tration of justice into ridicule, contempt, discredit or odium," and is
 punishable as a contempt.

### OPINION OF THE COURT, BY JUDD, C.J.

On the sworn information of the Attorney-General, the res-
pondent was cited to appear before the Court, to show cause
why he should not be adjudged guilty of a contempt of Court
for the publication of an article in a newspaper published in
Honolulu, called "Ka Leo o Ka Lahui," in its issue of February
5th, instant.

On the 11th of February respondent moved that the rule be
discharged on the grounds :

"1. The act complained of in the petition, upon which said
rule is based, is not, in law, a contempt of Court for which this
Court has power to punish this respondent.

"2. This Court cannot legally punish as for a contempt a
publication of the nature of that herein complained of, made in
a newspaper and not done in the immediate presence of the
Court.

"3. No publication out of Court in relation to the Court or to
any of its individual members amounts, in law, to a contempt,
and the same cannot be punished as such.

"4. It is nowhere alleged or intimated in said petition, or in the rule issued in pursuance thereof, that said publication was made while this Honorable Court was sitting as such, nor that said publication was designed, or calculated, or had any tendency to obstruct, embarrass or prevent the due administration of justice.

"5. If this respondent were in fact the publisher of, or legally responsible for said publication, which he doth in no wise admit to be true, then such fact and offense involved therein are matters concerning which this respondent is by the Constitution and the statute law entitled to a trial by a jury of his peers."

### By the Court.

The Legislature of 1888 enacted that thereafter constructive contempts should not be punishable as such. It is claimed by the attorney for the respondent that the publication of the article in question, if a contempt at all, is a constructive contempt, and is therefore not punishable.

Contempts are generally divided by jurists into the classes of direct and constructive; direct being those committed in the presence of the Court, and constructive being those acts which the Court would have to construe by some process of reasoning to be equivalent to a direct contempt. But the authorities agree in the main that in order to sustain the character of a constructive contempt, the publication must have a tendency to obstruct or hinder the progress of justice in some particular case.

Were we to proceed alone upon the common law, the contention of the counsel for respondent would seem to be sustained by authority. But we have a statute which, so far as we have learned, is peculiar to this country, and which describes and enumerates certain acts and circumstances as contempts and makes them punishable upon indictment and conviction by a jury and also summarily. These acts are not classified in the statute as direct and constructive contempts. Some of these acts would fall under one head and some under the other, as

generally classified. By our penal law, however, they are all contempts and punishable either summarily or upon indictment, or in both ways.

The Legislature in enacting the law of 1888 had in mind, without doubt, the then recent cases decided by this Court in which certain publications, avowedly not of the character enumerated in the Penal Code as contempts, were construed by the Court to be contempts, and these the Legislature declared to be no longer punishable as such. The first and third sections of the act of 1888 strengthen this view.

The publication in question declares, in substance, that certain Justices of this Court now in office are guilty of an unexpiated crime, and are therefore unworthy to sit in judgment upon others, thus attacking the Justices in the exercise of their judicial functions. This language fits exactly the words of the statute It is "publishing of malicious invectives against a Court tending to bring such Court (and) or the administration of justice into ridicule, contempt, discredit or odium." We overrule the motion to discharge the Rule.

Respondent to answer.

### DISSENTING OPINION OF McCULLY, J.

The statute authority for treating this publication as a contempt of court is the clause in Section 18 of Chapter 29 of the Penal Code. Quoting from the semi-colon it reads thus : "or by knowingly publishing an unfair report of the proceedings of a court, or malicious invectives against a court or jury, tending to bring such court or jury or the administration of justice, into ridicule, contempt, discredit or odium, shall be punished," etc.

It is contended by the Attorney-General, and it is the view of the Court, that these words, the latter part particularly, apply to the article published by the defendant, in that it tends to bring the court and the administration of justice into contempt, etc. But in my view they cannot be considered to apply to libelous words published in respect to the justices of the court, charging them with unfitness to hold office and try cases, in a general way, and not with reference to a pending case. Bishop

on Crim. Law, Sec. 245, Vol. 2, gives this summary of doctrine: " According to the general doctrine any publication, whether by parties or strangers, which concerns a cause pending in court, and has a tendency to prejudice the public respecting its merits and to corrupt the administration of justice, or which reflects on the tribunal or its proceedings, or on the parties, the jurors, the witnesses or the counsel, may be visited as a contempt." This language is cited by Lawrence, C.J., in *People vs. Wilson*, 64 Ill., 213, as the common law definition. See also Bishop, Sec. 253 of Vol. 2. It is necessary, in order to bring the case at bar within our statute, to hold that it goes beyond the common law doctrine and beyond the usual statutes based upon the common law. But these statutes have never extended the power of courts and judges in regard to contempts, but have rather limited that power.

In my view, the context of our statute does not support a construction that publications charging a general unfitness or a general corruption of the persons holding the judicial office can be treated as contempts of court. And this view is confirmed by what I have quoted above as the common law doctrine, for I do not believe that a modern statute would have been allowed to extend a power somewhat odious. The section ( 18 ) refers in the beginning to a judge or justice in the lawful exercise of his judicial functions ; every other clause in it refers to proceedings in or of a court in pending business, unless the latter part of the clause first cited and relied upon in this case can be detached from all the rest of the section, and it closes by the proviso that every judicial tribunal acting as such, and every magistrate acting by authority of law in a judicial capacity, may summarily punish for contempt. In the clause in question the term used is court ( or jury ), by which can only be understood the tribunal and not the personal judge, and that it is a malicious invective upon its proceeding and tending to bring the administration of justice in a case ( for only in cases as they occur do courts administer justice ) into contempt, ridicule, discredit or odium. It would certainly require some explicit distinction from the other provisions of the section in

which it is incorporated, to show that it intends a distinct province of contempt.

This article refers to no case and to no court in the exercise of its judicial functions.

*Attorney-General Peterson,* for Rule.

*C. W. Ashford,* for Respondent.

---

MARCH 3, 1891.

It appearing from the evidence that the editor did not knowingly publish the article in the newspaper edited by him, the Court considered the contempt purged. Want of knowledge would not relieve, if this was a prosecution for libel.

ORAL JUDGMENT OF THE COURT, BY DOLE, J.,

There were two law points which were raised at the last hearing, the first of which was in regard to the policy of a trial of this kind. We feel that it is a matter of discretion with us, and it is for the Court to say, whether it is desirable to take summary proceedings, or leave a case of this kind to take its course by indictment; and it seems to us not a very practical suggestion that a trial of this kind is going to affect a subsequent trial by indictment, because there is no probability that a subsequent trial will take place. One would fulfill all the demands of the necessities of the case, and so that seems rather a fanciful objection. The law gives it fully into the power and discretion of the Court to act in this matter.

In regard to the unconstitutionality of this kind of a trial we do not think that the section in the Constitution precludes us. And, gentlemen, it is not a matter which we are personally interested in in the least; we appear here officially, and an attack which affects us officially is a public matter which affects the power of the Court, a matter of great importance and of sacred character, which we are here to defend in our official and public capacity. We are not, therefore, personally interested

in the matter in the sense in which it has been referred to in any way, and so we overrule that point also.

In regard to the merits of the case we feel, from the evidence placed before us by Mr. Bush, that he has satisfactorily purged himself from the contempt which we felt was committed by the publication of the article referred to. If this was a trial by jury he would be entitled to the benefit of the doubt, and we are satisfied that he has shown to the Court that he has not knowingly published this article.

This being a proceeding by statute, we are confined to the words of the law, which defines this offense as knowingly publishing malicious invectives against a court or jury, tending to bring such court or jury, or the administration of justice, into ridicule, contempt, discredit or odium. The fact that it has not been published knowingly, although it has been published in his paper, we are satisfied, relieves him from the charge of contempt of court.

If it had been a case of libel, Mr. Bush, want of knowledge would not relieve you; you would still be responsible in criminal or civil proceedings. And we think that the management of your paper, in the way you have carried it on, is very dangerous and careless.

You are discharged from the contempt brought against you.