# FRANK B. FERNANDES v. ADELINE R. FERNANDES.

## No. 2057.

Argued December 1, 1932.          Decided December 9, 1932.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss an appeal. The case arose out of a proceeding in which the appellants were found guilty of contempt and sentenced to imprisonment. The contempt, if there was one, consisted of the alleged refusal of the appellants to obey an order of the circuit judge regarding the custody of certain minor children. The notice of appeal and appeal is as follows: "And now come Henry Van Gieson and Adeline R. Van Gieson and hereby give notice of appeal, and hereby do appeal, from the judgment and sentence of the court herein, rendered on this 15th day of January, 1932, finding them guilty of contempt of court, and sentencing them to be imprisoned for five days." The appeal was taken to this court.

The ground of the instant motion is that at the time the notice of appeal and appeal was filed "the judgment

attempted to be appealed from was not entered and filed." The record shows that at the conclusion of the testimony the circuit judge, in open court and in the presence of the appellants, spoke as follows: "From the evidence adduced, it is the judgment of the court that you, Adeline R. Van Gieson and Henry Van Gieson, are both guilty of contempt of court and that for such contempt, you and each of you be imprisoned in the county jail for a period of five (5) days. Let mittimus issue forthwith." The record also shows that the mittimus was accordingly issued. The clerk's minutes contain the following: "At the conclusion of the testimony the court adjudged Adeline R. Van Gieson and Henry Van Gieson guilty of contempt of court, and both were sentenced to be imprisoned in the county jail at Lihue, Kauai, for a term of five days each. Mittimus to issue forthwith. * * * The order committing Adeline R. Van Gieson to be imprisoned in the county jail at Lihue, Kauai, for a term of five days, is rescinded, and it was ordered that said Adeline R. Van Gieson be imprisoned in said county jail at Lihue, Kauai, for twenty-four hours."

In order to determine the fate of the motion we must look to the statute providing for appeals in cases of constructive contempts, which is the nature of the contempt here involved. (*In re Bush,* 8 Haw. 221; *Rose* v. *Ashford,* 22 Haw. 469.) The statute is section 4330, R. L. 1925. It provides among other things that "every judgment, sentence or commitment for a civil contempt or for a constructive or indirect criminal contempt shall be subject to appeal, exceptions, writ of error or other proceeding for review as provided by law in other cases."

It is contended by the movant that what was said by the judge and what appears in the clerk's minutes do not constitute a judgment that is appealable, the argument being that a judgment in order to be appealable

must be in writing, signed by the judge and placed on file. Assuming, but not deciding, that this view is sound we nevertheless think, under the statute and the record before us, that the instant motion should not be granted. It will be observed that the statute authorizes an appeal not only from the judgment but from the sentence and commitment. The appeal before us is from both the judgment and the sentence so that even if there is no appealable judgment we think it sufficiently appears, from what the judge said and from the clerk's minutes, that there was a sentence upon which the statute authorized an appeal.

It is obvious from the language of the statute that the legislature intended to give the right of appeal from any one or all of three distinct judicial acts: (1) That of rendering judgment, which is the ascertainment or pronouncement of guilt; (2) that of passing sentence, which is the adjudication that the convicted person be punished in a prescribed manner, and (3) the commitment, which is, if the punishment be imprisonment, the judicial order or warrant directed to a ministerial officer commanding him to take the convicted person to prison.

The reason for giving the right of appeal from the sentence and the commitment instead of limiting it to the judgment is apparent. A case might arise in which no judgment was rendered but only a sentence passed and a mittimus issued. In such event, but for the statute, although a judgment is indispensable to a valid sentence (*Vares* v. *Vares,* 28 Haw. 291), the imprisoned person might find himself remediless to have his case reviewed by this court. The same situation would be presented if there was neither judgment nor sentence but only a commitment. It was no doubt to meet just such contingencies that the right to appeal from the sentence or the mittimus as well as from the judgment was given.

Our attention is called by the movant to section 2509, R. L. 1925, which is the general statute relating to appeals from circuit judges at chambers. It provides that "appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court." This, however, is not the statute which gives the right of appeal in the instant case and therefore the decisions of this court which are cited by the movant, construing the terms "decision," "decree," "judgment" or "order," have no application.

The instant appeal is authorized by section 4330, the relevant portion of which is above quoted. In designating the judicial acts from which appeals to the supreme court may be taken the two statutes are quite different. In section 2509 appeals are allowed from decisions, orders, judgments or decrees, and it has been frequently decided by this court that these terms, although separately stated, relate to the same final judicial act and are therefore synonymous. (*Estate of Mansbridge*, 29 Haw. 73.) Section 4330, however, as we have seen, confers the right of appeal from the judgment, sentence or commitment, which are not synonymous terms but are separate and distinct judicial acts, each one of which is necessary to an authorized punishment for contempt.

The motion is denied.

*O. P. Soares* for the motion.

*C. A. Gregory* contra.