## ANDERSON v. POWELL.

1. **Practice:** FORMER ADJUDICATION: PARTNERSHIP. The fact that a motion for the appointment of a receiver, in an action for the settlement of a partnership and division of the property, was denied, is not such an adjudication as will prevent the appointment of the receiver if asked for in another action, the first having been dismissed.

2. **Partnership:** ILLEGAL BUSINESS. If a part of a partnership business be legal and a part illegal, the court may take charge of that which is legal and appoint a receiver therefor, in an action to settle the affairs of the partnership.

*Appeal from the Woodbury District Court.*

SATURDAY, JUNE 17.

THIS is an appeal from an order appointing a receiver, on a petition for the settlement of a partnership.

*Chase & Taylor*, for appellant.

*Isaac Pendleton*, for appellee.

ROTHROCK, J.—I. The petition alleges a partnership, and a dissolution thereof, and that defendant is in possession of the partnership assets and refuses to account to, or settle with, plaintiff. The assets are alleged to be certain furniture, fixtures, stock and materials, of the value of $800.00. The appointment of a receiver is prayed for, and after the payment of the partnership debts, it is asked that an equitable division be made between plaintiff and defendant.

There is an answer admitting a partnership as alleged, and averring that said partnership was formed for the sole purpose of carrying on the business of keeping a gambling house, and for the sale of intoxicating liquors contrary to law, and that the capital, fixtures, furniture, lease, and everything belonging to said partnership, were contributed for said illegal purposes, and none other. It is further alleged that the parties never were partners in any other business excepting the illegal business aforesaid, and that the property, assets, etc., referred to in the petition, have reference to such illegal business, and none other. It is further alleged in the answer, that the question as to the appointment of a receiver has been adjudicated before Hon. J. R. ZUVER, Judge of the Circuit Court, in vacation, upon a petition and answer containing the same allegations as the petition and answer in this case, and that such order was by said Judge refused, and that plaintiff afterward dismissed said cause in the Circuit Court.

The plaintiff files a reply, in which he denies that said partnership was formed expressly for the purpose, and was carried on subsequently thereto, for the sole and only purpose of carrying on the business of keeping a gambling house and for selling liquor contrary to law, and denies that the parties were not partners in any other business excepting the alleged illegal business. The reply further alleges that said partnership was formed for the purpose, among others, of selling cigars and lager beer, and that said partnership during all its existence

was engaged in selling beer and cigars, and at the time of its dissolution there was a large stock of cigars on hand, which defendant has ever since been engaged in disposing of and appropriating the proceeds to his own use. The petition, answer and reply, were all properly verified. The order appointing a receiver directed him to take possession of the partnership property and hold it until the further order of the court.

It is insisted by counsel for appellant, that the question as to the appointment of a receiver was adjudicated by the order of the Circuit Judge. It must be remembered that this is an action for the settlement of a partnership, and an equitable division of the proceeds of the partnership property. The object of the suit is not the appointment of a receiver. The application for that purpose is merely auxiliary to the action, and its object is to preserve the property and protect the rights of the parties pending the litigation. It does not appear for what reason the plaintiff dismissed his action in the Circuit Court, and it is not material to inquire. He had the right to dismiss without prejudice to another action, and upon the commencement of this suit he was invested with all the rights which he possessed in the first instance, including the right to make application for the appointment of a receiver, or for injunction, or any other proper proceeding in aid of the action. The voluntary dismissal being without prejudice, another action lies with all its rights and incidents, without reference to the order made by the Circuit Judge. It is true that it was the plaintiff's right to appeal from the order of the Circuit Judge. It was, however, equally his right to dismiss his action, and it being again commenced it must be without prejudice in everything essential to a full and fair adjudication of his rights.

II. It is claimed that, as this was a partnership entered into and carried on solely for the purposes of keeping a gambling house, and selling liquors contrary to law, no proceeding in the nature of an action can be maintained to enforce the partnership contract. It is true that the law leaves the par-

1. PRACTICE: former adjudication: partnership.

ties to such a contract where it finds them. Courts will not protect or enforce what the law forbids. Parsons on Partnership, p. 9. *Bartle v. Coleman*, 4 Peters, 184.

Both the petition and answer are singularly silent as to the character of the furniture, fixtures, etc., and all that can be ascertained as to the stock in trade is that there are cigars on hand. If part of the business was legitimate, such of the furniture and fixtures as are appropriate to that branch of the business, and such of the stock as is not contraband, are the proper subjects of an account. As this property is under the control of the court, it will be its province to determine on the trial, from the character of the property, the nature of the liabilities, and the like, whether the legal branches of the business are so blended with the illegal that a settlement and accounting cannot be had. If a part of the business be legal, and a part illegal, an account of that which is legal may be directed. Parsons on Partnership, 9, note *h*.

2. PARTNER-SHIP: illegal business.

AFFIRMED.