## N. C. READ, EX'R, v. SYD SMITH.

(Case No. 1401.)

1. ILLEGAL CONTRACT.— A contract between a sheriff who was, at the time, *ex officio* tax collector of his county, and another, under which each party was to furnish equal amounts of money to be invested in county scrip, the profits of which were to be equally divided, was illegal. The object of such a contract was for the sheriff to do indirectly, through another, for the benefit of both, an act which the law prohibited him from doing directly. In such a case the law forbids relief to either party in enforcing an account and settlement between them, they never having settled. Following Riley v. Jordan, 122 Mass., 233; Anderson v. Powell, 44 Iowa, 22, and other cases cited in the opinion.

2. DISTINGUISHED.— This case distinguished from De Leon v. Trevino, 49 Tex., 91.

APPEAL from Navarro. Tried below before the Hon. L. D. Bradley.

The opinion states the case.

*Simpkins & Simpkins* and *F. N. Read*, for appellant, cited: Bartle v. Coleman, 4 Pet., 184. Vice of the settlement enters into contract. 49 Tex., 92; 17 Am. Rep., 11; 13 Am. Rep., 448, 737; 8 Am. Rep., 595; 3 Am. Rep., 678, 706; 12 How. (U. S.), 79; 21 How., 425; Booth v. Hogdin, 6 Tenn., 405; 17 Mass., 258; 2 Shepley (14 Mass.), 322; 4 Serg. & Rawle, 159; 12 How., 84; 11 Wheat., 59, 331; 6 Ohio St., 404; Bartlett v. Vinor, Carth., 252; 10 Binney, 107; 2 M. & W., 149; 16 Central Law Jour., No. 16, p. 302; 3 Am. Rep., 710; Woodsworth v. Bennett, 43 N. Y., 273; Gray v. Hook, 4 Comst., 449; 5 Bing. N. C., 76; 21 N. Y. (7 Smith), 490, 495; Dillon v. Allen, 26 Am. Rep., 148-9; 46 Iowa, 299; 43 N. Y., 273; 1 Cowp., 341; 28 Am. Rep., 786; 32 Tex., 54; 3 Am. Rep., 708; 4 Pet. (U. S.), 184; 11 Mass., 368; 3 Ga., 176; 23 N. H., 128; 81 Penn., 353.

*Breedlove & Ewing*, for appellee, cited: De Leon v. Trevino, 49 Tex., 88; Pfeuffer v. Maltby, 54 Tex., 454; Boggess v. Lilly, 18 Tex., 200; Lewis v. Alexander, 51 Tex., 579; Brooks v. Martin, 2 Wall., 70; Planters' Bank v. Union Bank, 16 Wall., 483; Sharp v. Taylor, 2 Phillips Ch., 801; Faikney v. Reynous, 4 Burr., 2069; Petrie v. Hannay, 3 Term, 419; Breslin v. Brown, 24 Ohio St., 565.

STAYTON, ASSOCIATE JUSTICE.— The petition in effect alleged that about October 1, 1876, the appellee entered into a verbal agreement of partnership with the firm of H. A. Wood & Co., the object and

purpose of which was to deal in county scrip of Washington county, each party to furnish an equal amount of capital and divide the profits. It further alleged that in pursuance of that agreement the appellee paid to Wood & Co. $1,600, which was invested in county scrip of Washington county, and for the value of one-half of the county scrip bought by the partnership, and undisposed of on the 3d of October, 1876, a recovery was sought.

At the date of the alleged agreement H. A. Wood had a partner, but that partnership was dissolved, and the fact that it ever existed, and as to whether or not it had any connection with the matter between Smith and Wood, is of no importance in this case.

Wood died testate, and the appellant is the executor of his will. A claim was presented to him for allowance, which, after allowing some credits, amounted to $1,289.05, which was rejected.

Among other defenses, the appellant answered that the contract, if any existed, between Wood and Smith was illegal and void, in that, at the time the agreement was made, Smith was the sheriff and *ex officio* tax collector of Washington county, and forbidden by law to deal in county scrip.

The answer further alleged that if any money was paid by Smith as and for the purpose alleged, that the same was so paid while he was sheriff, and that if any county scrip was bought with any money furnished by Smith, or any scrip received from him, the same was bought or received while Smith was sheriff and *ex officio* tax collector.

The answer also denied that there had ever been any settlement between Wood and Smith, or between Smith and Wood's representative, or that there had been any promise by Wood or his representative to pay to Smith any sum of money, and that if any profit had accrued from the sale of scrip that the same was derived from an illegal contract, which the court, it was claimed, had no power to enforce. A demurrer was sustained to this part of the answer, and this is assigned as error.

If Wood and Smith made an agreement, while Smith was the sheriff of Washington county and *ex officio* tax collector, to buy and deal in the county scrip of that county for the mutual benefit of both parties, the contract was certainly illegal; for the statutes then in force made it a criminal act for any officer of a county to become directly or indirectly interested in the paper of such county, and this prohibition continued after an officer had gone out of office until he made a final settlement of his official accounts.

The statute bearing upon the subject is as follows: " Any officer

of any county in this state, or of any city or town therein, who shall contract, directly or indirectly, or become in any way interested in any contract, for the purchase of any draft or order on the treasurer of such county, city or town, or for any jury certificate, or any other debt, claim or demand for which said county, city or town may or can in any event be made liable, shall be punished by fine of not less than ten nor more than twenty times the amount of the order, draft, jury certificate, debt, claim or liability so purchased or contracted for."     Penal Code, 248.

"Within the term 'officer,' as used in the preceding article, are included ex-officers until they have made a final settlement of their official accounts."     Penal Code, 249.

These provisions of the statute are broad, and embrace every county officer, and every character of debt or claim against a county.

By entering into such an agreement as is alleged in the petition and explained in the answer, to which the demurrer was sustained, it cannot be denied, if that answer be true, that Smith, while an officer of Washington county, made a contract to become, and did become, directly and indirectly interested as owner, in paper evidencing the debt of the county, and this in violation of the criminal law of the land, and that the county scrip for the value of which this suit is brought was acquired under that illegal agreement.

The general rule is, that courts of justice will not lend their aid to one who bases his claim for relief upon his own illegal act or agreement.     Holman v. Johnson, 1 Cowper, 343.

This rule is founded upon broad and wholesome grounds of public policy, and a different rule would lead to the encouragement of violations of the law; for if relief could be given in such cases, the criminal would balance the profits to be made out of the prohibited contract against the penalty, and if the former preponderated he could and would commit crime without any other loss than a diminution of profits, if detected and convicted. There is no ground upon which a contract to violate a criminal law, and thereby defeat its purpose, can be sustained.

In this case the plaintiff makes the contract between himself and Wood, and the payment of the money under it, the sole basis and measure of his claim for the value of one-half of the county paper purchased under it. Without the agreement he shows no title whatever to the scrip.

The answer sets up the facts which make the agreement alleged and relied upon by the plaintiff illegal, but this does not affect the

question. The question, however presented, still remains: What was the purpose of the agreement upon which the plaintiff relies? The answer alleges the facts which show its illegality, and invokes an inquiry as to the truthfulness of its averments, but it in no way relieves the plaintiff from his reliance upon the agreement as the foundation of his action. Sampson v. Shaw, 101 Mass., 152; Hanauer v. Woodruff, 15 Wall., 439.

It has been often said that the test whether a cause of action connected with an illegal transaction can be enforced at law is whether the plaintiff requires any aid from the illegal transaction to maintain his case. While this is a correct rule, it may not go far enough to meet all the cases which may arise, upon which, under well settled principles, the courts would refuse relief upon the ground of the illegality of the transaction. Hanauer v. Woodruff, 15 Wall., 439. This rule, however, goes far enough to include this case. The plaintiff claims the value of one-half of the scrip. Why? Because while sheriff he made the agreement set out, and, in pursuance therewith, furnished the money with which the paper was bought. Thus is he compelled to set out the agreement, illegal as it is shown to be by the answer, as the sole basis of his right.

The object and purpose of the contemplated partnership was to do indirectly through Wood, for the benefit of both, that which the law prohibited Smith to do directly, and it had no single purpose legal in its character.

In such a case as is made by the pleadings we believe that the law forbids relief to either party in the way of forcing an account and settlement between them, they never having made a settlement themselves. Riley v. Jordan, 122 Mass., 233; Todd v. Rafferty's Adm'rs, 30 N. J. Eq., 260; Watson v. Murray, 26 N. J. Eq., 263; Snell v. Dwight, 15–19; Anderson v. Powell, 44 Iowa, 22; Bartle v. Coleman, 4 Pet., 187; Woodworth v. Bennett, 43 N. Y., 274; Blythe v. Lovinggood, 2 Iredell's Law, 22; Howell v. Fountain, 3 Kelly, 177; Fletcher v. Watson, 7 Gratt., 13; Wills v. Abbey, 27 Tex., 203; Shelton v. Marshall, 16 Tex., 360; Seidenbonder v. Charles, 4 S. & R., 160–173.

The fact that Wood may have given a receipt evidencing the transaction does not alter the rule. We are referred to the case of De Leon v. Trevino, 49 Tex., 91, among others, in support of the ruling of the court in sustaining the demurrer to the answer.

In that case it was not conceded that the original transaction, out of which the debt for which the notes sued upon were given, was illegal, and the decision is based upon the fact that the parties had

voluntarily settled all matters between them immediately connected with the original transaction claimed to have been illegal.

That this is so is evidenced by the concluding paragraphs of the opinion having reference to the contracts sued upon: "That they are collateral to, and not a part of, the illegal contract, which had been, by voluntary settlement, fully completed and ended before the contract or undertaking upon which the suit is brought was entered into. Such contracts are, therefore, regarded by the courts as standing upon an altogether different footing from a renewal of, or a new security given for, an original illegal contract."

The facts of the case now under consideration do not bring it within the line of that decision and those cited in the opinion in that case; hence there is no necessity, if it be admitted that the original transactions between De Leon and Trevino were illegal, in this case to review the opinion in that case.

The opinion in that case, however, recognizes the correctness of the conclusions to which we come in this case. In the course of the opinion in that case it is said: "If the notes sued upon had been given to carry on the illegal enterprise, instead of in settlement of it, the taint of the contract would have attached to the notes, and appellees could not maintain an action upon them. But the answer merely shows that, by reason of the illegal character of the enterprise in which the parties had been engaged, appellant's intestate could not have been forced to an accounting with appellees, or to pay or give his notes for the amount found to be due from him to appellees on such accounting."

The other assignments of error need not be considered, as they present matters not likely to arise on another trial.

For the error of the court in sustaining the demurrer to the defendant's answer the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 22, 1883.]