# THE CALIFORNIA FEED COMPANY (Limited) *v.* THE CLUB STABLES COMPANY (Limited).

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED FEBRUARY 18, 1896.     DECIDED FEBRUARY 27, 1896.

JUDD, C.J., FREAR, J., AND W. R. CASTLE, ESQ., A MEMBER OF THE BAR, SITTING IN PLACE OF WHITING, J., DISQUALIFIED.

In order to entitle a party to ask for a receiver over the property of a corporation, it must appear that he has some interest in the property. Ordinarily a creditor at large cannot bring such a bill. When the proper officers of an insolvent corporation are either unable or unwilling to act, stockholders may apply for a receiver.

The ultimate object of the bill—a *lis pendens*—to which the appointment of a receiver is auxiliary, must be distinctly stated.

In this case the winding up of the business of the corporation and distribution of its assets was the object of the bill.

### OPINION OF THE COURT.

This matter comes before this court upon several appeals from a decree and rulings of the Circuit Judge, First Circuit.

The petition shows—that plaintiff and defendant are Hawaiian corporations doing business in Honolulu; that defendant is indebted to plaintiff in the sum of $5184.65; that the business of defendant is managed by a board of directors elected at an annual meeting for one year, which board appoints a manager; that the said board consists of five officers, president, vice-president, treasurer, secretary and auditor, S. F. Graham being secretary and treasurer, and also the manager; that said

manager has recently left the country secretly, leaving "defendant's affairs in a very unsatisfactory and uncertain condition and that a minority only of said board of directors are now in the country;" that defendant has made no return to the Minister of the Interior since July 1, 1893; that there is now no legally appointed manager and no lawful board of directors in the country to manage defendant's affairs, take charge of the property or appoint a manager; that "plaintiff is informed and believes * * * that defendant is insolvent and if now wound up would be unable to pay its debts in full, but that by careful management of its affairs and continuance of its business there is strong probability of its being able to meet its obligations;" that if a receiver is appointed with authority to take charge of the property, collect accounts and carry on business as necessary from time to time, sell property under the direction and authority of the court, the interests of all concerned will be best conserved. And it is prayed that defendant be summoned, that a receiver be appointed, and for such orders and decrees in the premises as shall be needed in the circumstances, etc.

Summons was issued on January 8, 1896, returnable forthwith. And a notice to appear addressed to J. S. Walker, auditor, and J. D. Holt, vice-president, was filed the same day. Upon this is endorsed their admission of service.

On January 8, 1896, the matter was heard, the two directors named being present besides representatives of nearly all of the stock in the defendant corporation, and upon evidence being taken in support of the bill and on consent and request of the two directors and representatives of over 230 of the 250 shares, Cecil Brown, Esq., was appointed receiver.

The receiver at once took possession of the property of the corporation, and carried on the business, advertised for accounts, made collections, and received offers for the purchase of defendant's property. Upon the 5th of February, he filed a report showing debts of over $10,000 and assets comprising a lease from Mrs. Moorhead, horses, carriages, feed and other para-

phernalia of a livery stable, for which he had received an offer in a lump sum of $4500.    He asked for authority to sell the property, pay the expenses of the receivership and distribute the remainder of the purchase price among the creditors *pro rata*, first paying Mrs. Moorhead the full amount of rent due her.    Upon the 8th of February he filed a further report stating that he had been offered by two parties $4750 and asked for instructions.    Upon this an order was made that the property be sold at public auction on the upset price of $4750.    This sale has been postponed from time to time.

On the 23d January, 1896, papers were filed in the Circuit Court in equity entitled "*J. W. McDonald, Margaret Moorhead and Ah Hin v. Club Stables Co., Ltd. etc., and Cecil Brown, receiver.*"    Although by the title it would appear to be a different action, it has been treated all through as a motion in this case and will be so regarded.    Leave is asked to enter proceedings in bankruptcy against the Club Stables. The motion is supported by affidavits showing that McDonald and Ah Hin are general creditors and that Mrs. Moorhead is entitled to five months' rent in arrears.    The motion for bankruptcy proceedings was denied, as were motions subsequently made for leave to distrain; to quash the proceedings and for permission to the receiver to raise money to pay the rent.    Appeals were taken to this court by Mrs. Moorhead, Messrs. McDonald and Ah Hin from the orders overruling such motions (except the last) and the order of sale, and from the order of appointment of receiver.

OPINION OF W. R. CASTLE.

The above proceeding comes before this court on several questions, the most important of which is the validity of the appointment of a receiver.    If this should be held invalid there would be no necessity for deciding the other questions as they would virtually be determined.

While it is true the appointment of a receiver is discretionary with the Circuit Judge, yet this discretion may be reviewed and, upon a proper showing, the order of appointment would be vacated.    The principal objection which is urged by Mrs. Moorhead, McDonald and Ah Hin is, that the court has no jurisdiction to make the appointment, because there was no suit brought or pending to which the appointment of a receiver was auxiliary.    But is this objection true?    The petition sets forth and the evidence seems to show that the defendant is a corporation that is insolvent and that there is no one to take charge of its property or affairs, practically that it has been abandoned. It is further alleged that by careful management its affairs might be so wound up as to save property, prevent loss and destruction and enable it to meet its obligations.    While there may be a lack of definiteness in the prayer for relief, its object is readily seen to be that of saving the property of the corporation for the purpose of paying its debts.    The appointment of a receiver is clearly auxiliary to this.    Certainly this is very strong showing for equitable interference.    And when, as is shown to be the case here, a corporation is hopelessly insolvent and unable to carry out objects for which it is created, the directors must be regarded as trustees of the property for the benefit of the creditors and stockholders, and it is then their duty to wind up the affairs of the corporation for the benefit of all concerned; and when further as is the case here the majority of the directors are absent from the country and all of them neglect to take any steps toward the execution of their trust and the majority of the stockholders also are hampered by provisions of their charter and by-laws and perhaps partly in consequence of this and partly in consequence of lack of interest, neglect to take such steps as may be possible for all interests, a Court of Equity may very properly appoint a receiver to do that which should be done but is neglected to be done by the *quasi* trustees.

Beach on Receivers, Sec. 404;

1 Morawetz on Private Corporations, Secs. 284-5.

It may be noted here that none of the authorities cited by either counsel conflict with the above views, but on the contrary those in point are in support of them.

There seems to be a mistake with regard to the position of the plaintiff in this matter.    This is not a creditor's bill in any sense, and there is no necessity that it should be such.    The relief asked is not, that assets which cannot be reached by law should be put in position by a Court of Equity to become subject to execution.    It is on the other hand an application to save property from destruction in a matter peculiarly within the jurisdiction of a Court of Equity, in which a Court of Law would be not only helpless, but the result of proceedings as desired by McDonald and Ah Hin would, on the showing made by the evidence, result in the probable destruction of at least three-fourths of the property to which creditors must look for the satisfaction of their claims.

There may be some doubt whether the receiver should be appointed at the instance of a mere general creditor as was done in this case.    It appeared, however, in evidence that the petitioner was also a stockholder in the defendant corporation, and that the holders of most of the stock consented to the appointment of a receiver, and expressed the opinion that this would be for the interest of all concerned.

The petition may be amended by an allegation that the petitioner is also a stockholder.

The prayer also would better be amended so as to show more clearly the main object of the bill, the only particular prayer aside from that for process at present being for the appointment of a receiver.    Such amendments may be made upon terms to be named by the Circuit Judge.

The remaining questions before this court which arise upon the various appeals are upon matters which are within the discretion of the Circuit Judge.    This discretion does not appear to have been exercised improperly or without due consideration of the interests of all concerned.

The decree appointing a receiver is sustained on condition that such amendments be made, and the appeals are dismissed.

*Hartwell, Thurston* and *Stanley*, for plaintiffs.

*A. G. M. Robertson* and *W. A. Kinney*, for appellants.·

OPINION OF JUDD, C.J.

While anxious to grant relief to the parties concerned in this suit, if it can be done consistently with the well settled principles of law, I am still unable to find that the bill is sufficient upon which to maintain the appointment of a receiver.

First. · The bill does not show that the plaintiff has a real interest in the property of the Club Stables Company. The plaintiff by the bill is a creditor at large, having no judgment or lien of any kind in the property. The bill does not allege that the plaintiff is a shareholder in the defendant corporation. It seems to me, after a review of the law, that it is fundamental that the party applying for a receiver must have an interest in the property. Beach, Receivers, Sec. 50; High, Receivers, Secs. 11 and 12. This is not a creditor's bill, nor is it intended to be, for the legal remedies are not exhausted.

Secondly. There must be a *pending suit*. It is not essential that the suit be a separate one. But the bill must have some ultimate object, within the province of equity, to be attained to which the appointment of a receiver is auxiliary. The very purpose of a receivership is to preserve the property in *controversy* from danger of loss or injury until the *rights of parties interested* in it are determined, and the danger must appear to be imminent. Beach, Sec. 5.

The object to be attained is not, to my mind, sufficiently expressed in the bill. It does allege the insolvency of the defendant corporation, but it does not pray with distinctness that the assets of the corporation be disposed of and the receipts distributed *pro rata* to the creditors. Shareholders may in certain circumstances be entitled to such relief, but not general creditors, for they have their remedies at law. I think, too, that courts cannot appoint receivers to wind up the business

of a corporation, unless the proper officers of the company are unwilling or unable to act.  1 Morawetz, Private Corporations, Sec. 285.  The absence of the president, treasurer and secretary of the defendant company, who with the two officers now here (the vice-president and auditor) constitute by the by-laws, the directors, disenable the directors to act.  I do not think that the supposed peril of the leasehold is of itself a sufficient ground for equitable relief.

But I see no objection to shareholders finding the corporation hopelessly insolvent, and its officers either unwilling or unable to act, obtaining the intervention of the court by the appointment of a receiver to wind up the business of the company, and distribute its assets.

This cessation of business and distribution of the assets of the defendant corporation would not be a legal dissolution of the corporation nor extinguish its franchises.  To accomplish this the statutory method must be pursued.  I think the bill is amendable, even at this stage of the proceedings on terms, and if this is done, the motion to vacate the appointment of a receiver will be dismissed.

The other orders refused, and appealed from, *i. e.*, the refusal to allow bankruptcy proceedings to be begun, and the refusal to allow distraint for rent, and to forbid the sale of the property, etc., were properly made in the discretion of the court.

### OPINION OF FREAR, J.

I concur in the foregoing opinions, which seem to me to be susbstantially the same in effect.  I will add merely that in thus concurring I understand that, while it is held that under the circumstances of this case, the affairs of a corporation may be wound up in a Court of Equity at the suit of a shareholder petitioning for himself and other shareholders, it is not intended to be held that under no circumstances may this be done at the suit of a creditor.