M. OYAMA *v.* THOMAS B. STUART, AS THIRD JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT OF THE TERRITORY OF HAWAII, AND M. KOMEYA, Y. ISHII, U. KOBAYASHI, T. MITAMURA AND JOS. G. PRATT.

PETITION FOR WRIT OF PROHIBITION.

ARGUED JULY 15, 1915.          DECIDED AUGUST 2, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PROHIBITION—*when writ lies—proceeding without jurisdiction.*
    Prohibition lies to restrain the continuance of a receivership where the order appointing the receiver was beyond the power of the judge to make, even though the judge has jurisdiction of the subject matter of the suit in which the order was made.
SAME—*remedy by appeal.*
    Prohibition does not ordinarily lie where the party may obtain relief by appeal, but where a void interlocutory order results in the seizure of property, and under the circumstances there is no other adequate relief for the party whose rights have been invaded, a case permitting the use of the writ appears.

SAME—*raising question of jurisdiction in lower court.*

> The question of jurisdiction should, as a general rule, be raised first in the lower court, but if the question has once been raised in the case and ruled on adversely, it need not be repeated in immediate connection with the order attacked.

RECEIVERS—*ground for appointment—danger of loss or injury.*

> As a basis for the appointment of a receiver the plaintiff must show, not only that he has an interest in or right to the fund or property, but that the possession of the property by the defendant was obtained by fraud; or that the property itself, or the income arising from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the defendant.

## OPINION OF THE COURT BY ROBERTSON, C.J.

### (Quarles, J., dissenting)

On June 3, 1915, M. Komeya and others filed in the circuit court at chambers against S. Koshima and others a bill in equity in which the complainants prayed that the copartnership alleged to exist between the parties be dissolved, and that a receiver be appointed "to take charge of the property of the said partnership, and to collect assets thereof." Upon the filing of the bill, on the application of the complainants, and upon the averments contained in the bill, the circuit judge made an order appointing Joseph Lightfoot, Esq., as such receiver. This was done without notice to the defendants. On June 12, M. Oyama, one of the defendants (the petitioner here), filed a motion to vacate the order appointing the receiver upon the ground, *inter alia,* that said Lightfoot was the attorney for the complainants and therefore, was not a suitable or proper person to act as receiver. On July 1, Lightfoot was removed and Joseph G. Pratt, Esq., was appointed receiver in his place. In the meantime G. Nakamura, another defendant, filed his answer to the bill, and the defendant Oyama interposed a demurrer setting up, among other grounds, that "said bill is without equity upon its face and is utterly barren of allegation necessary and required to secure the cognizance of a court of chancery with respect to the prayer thereof" and that said bill "is vague, indefinite, uncer-

tain and wholly insufficient to form a basis for the interposition of a court of equity." The demurrer was overruled. The present proceeding is a petition by M. Oyama for a writ of prohibition against the circuit judge in which the foregoing facts are recited, and it is alleged that the receiver has taken full charge and possession of the property of the copartnership, that the order appointing the receiver was made without authority or jurisdiction on the part of the judge, and that there is no equity in the bill upon which the order was based. The object of this petition is to prevent further proceedings in the cause. Upon the petition an order to show cause was issued, and the judge has filed his return to the petition in which he sets forth his view that he acted within the jurisdiction conferred by law upon circuit judges sitting in equity, and that if any error was committed it is to be corrected through the regular procedure of an appeal or writ of error. He also points out that "the order appointing Joseph G. Pratt was not objected to by petitioner or any one else, and no complaint has been made in reference thereto by motion or otherwise against the appointment so made of said Pratt."

In the bill of complaint it was, in substance, averred that the parties complainant and defendant were copartners engaged in the business of banking; that the defendant Nakamura was appointed president and manager of the bank; and the defendant Komeya was appointed cashier; that almost immediately after entering upon the management of the bank the said Nakamura began to lend large sums of money to his friends upon their unsecured promissory notes, and loaned at various times sums of money aggregating the sum of $6000 to one Yamamoto (a defendant) well knowing him to be financially irresponsible and unable to repay the money loaned; that the said Nakamura borrowed from the bank, on his own unsecured note, the sum of $16,328.85 upon which there remains unpaid the sum of $13,-328.85; that on or about February 28, 1912, the complainant Komeya and certain other members of the firm were obliged to

borrow upon their private credit in the neighborhood of $19,000 with which to meet the demands of depositors; that since said date, although all checks have been paid on presentation, the said Komeya and other partners have been constantly compelled to borrow money on their own credit so as to deposit the same in the bank and so keep it running; that on March 21, 1912, the partners removed Nakamura and appointed Komeya to take charge of the affairs of the bank; that the partners, from time to time, have tried to raise money so as to place the bank on a sound financial basis, but all such efforts have been in vain; that the liabilities of the bank, exclusive of capital account, amount to $23,171.40, and the collectable assets amount to $23,743.31; that at the close of business on June 2, 1915, there was cash on hand in the sum of $44.33; that it is impossible to carry on the business; that it is necessary that the bank be closed, that a receiver be appointed to take charge of the property of the firm and collect its assets; and that the liability of each partner be ascertained, and the partnership dissolved. The rather scanty averments of the bill, though showing the failure of the venture and mismanagement of the business, fall short of showing fraud or insolvency, or the inability of the partners to agree upon a settlement and winding up of the business.

The substance of the bill has not been stated for the purpose of considering whether the demurrer of the defendant Oyama was properly overruled, for if error was committed in that respect it could be corrected, if the bill shall have not in the meantime been amended, only upon appeal or writ of error after final decree. The question presented for determination here is whether the averments of the bill, taken as true, authorized the appointment of the receiver. Upon the facts averred did the circuit judge have power to make the order of appointment? It does not necessarily follow that because the court had jurisdiction of the parties and of the subject matter of the suit, i. e. the dissolution of the copartnership, that it had the legal power to make the order in question. "The writ of prohibition

lies to restrain any unauthorized proceedings by an inferior tribunal in a cause of which it has jurisdiction, as well as where the cause is without its jurisdiction." 2 Spelling, Ex. Rem. (2nd ed.) Sec. 1726; 32 Cyc. 605, 606; *Quimbo Appo* v. *People,* 20 N. Y. 531, 542; *State* v. *Dist. Court,* 22 Mont. 220, 233; *State* v. *White,* 24 So. (Fla.) 160, 168; *Gas Co.* v. *Holt,* 66 S. E. (W. Va.) 717; *Cronan* v. *District Court,* 15 Idaho 184. Under our statute (R. L. 1915, Sec. 2688) the writ lies when "the cause or some collateral matter arising therein" is beyond the jurisdiction of the court. And this court has held that the writ will issue to restrain the continuance of a receivership in a suit for the cancellation of a power of attorney, for discovery and accounting, where the object of the receivership had been accomplished; *Sumner* v. *Perry,* 11 Haw. 372; to restrain the punishment by contempt proceedings of the failure to comply with an order to pay temporary maintenance from which an appeal had been taken and was pending in a suit by a wife for maintenance, *Dole* v. *Gear,* 14 Haw. 554; to restrain the enforcement of a void order to pay alimony made in a divorce case, *Andrews* v. *Whitney,* 21 Haw. 264; and against the enforcement of an injunction in a suit for the specific performance of a contract against persons who, though joined as parties, had no interest in the subject-matter of the suit, see *Honolulu Athletic Park* v. *Lowry,* 22 Haw. 475, 477.

If the bill does not contain such averments as would be necessary to entitle the complainants to the principal relief sought, namely, the dissolution of the partnership, there was no legal ground for the appointment of the receiver. But even if a case for the dissolution of the partnership was shown, as to which we express no opinion, it would not necessarily follow that the facts averred justified the appointment of the receiver. "Upon a preliminary application for a receiver, the court does not determine the questions arising between the partners, the only question for consideration being whether, upon the facts disclosed, there is an apparent necessity for a receiver to protect

the assets of the partnership until the rights of the partners can be definitely determined upon full hearing of the case." 5 Pom. Eq. Jur. Sec. 78. See also, High on Receivers (3rd ed.) Sec. 511; *Cox* v. *Peters,* 13 N. J. E. 39. As above shown, the circuit judge may have had jurisdiction of the suit, and yet have been without power to make the order in question.

As a basis for the appointment of a receiver, the plaintiff must show, not only that he has an interest in or right to the fund or property, but "that the possession of the property by the defendant was obtained by fraud; or that the property itself, or the income arising from it, is in danger of loss from the neglect, waste, misconduct or insolvency of the defendant." 5 Pom. Eq. Jur. Sec. 64; 34 Cyc. 19. See *California Feed Co.* v. *Club Stables,* 10 Haw. 209, 214; *International Trust Co.* v. *Decker,* 152 Fed. 78, 82; *Warwick* v. *Stockton,* 55 N. J. E. 61, 66; *Aldrich* v. *Bag Co.,* 87 Atl. (N. J.) 65; *Gray* v. *Newark,* 79 Atl. (Del.) 739. It would, therefore, follow necessarily, in most cases, that a plaintiff in possession may not obtain the appointment of a receiver for it would be a rare case in which the plaintiff could say that property in his own possession is in danger of loss or injury through any preventable cause. See Smith on Receiverships, Sec. 192; *Smith* v. *Lowe,* 1 Edw. Ch. 33; *Buchanan* v. *Comstock,* 57 Barb. 568, 579. In the case at bar it appears that at the time the receiver was appointed the complainants were in possession of whatever property and assets the firm had, and there was no attempt made to show that there was any danger of any loss or injury thereto. An order appointing a receiver based upon a showing which, as matter of law, is insufficient, is in excess of the jurisdiction of the court. *Cronan* v. *Dist. Court,* supra. We are of the opinion that no legal ground for the appointment of the receiver was shown, and that the order of appointment was made without jurisdiction.

Prohibition does not ordinarily lie where the party may obtain relief by an appeal, "but it does not always follow that

because the question of jurisdiction may be determined on appeal prohibition will not lie." *Union Feed Co.* v. *Kaaihue,* 21 Haw. 345, 351. Where a void interlocutory order results in the seizure of property, and under the circumstances there is no other adequate relief for the party whose rights have been invaded, a case permitting the use of the writ appears. See *St. Louis &c. R. Co.* v. *Wear,* 135 Mo. 230, 257; *Havemeyer* v. *Superior Court,* 84 Cal. 327, 397; *Cronan* v. *Dist. Court,* supra.

It is contended that the writ should not be granted because the petitioner did not present the question as to the power of the circuit judge to appoint the receiver Pratt to the court below. The rule of practice here invoked rests upon sound reason, and it should be enforced whenever the circumstances so warrant, as was the case in *Union Feed Co.* v. *Kaaihue,* supra. In the case at bar, one of the grounds advanced in the motion to set aside the order appointing Lightfoot as receiver was that "It appears from the bill in said case that the petitioners herein were in possession of the property of said copartnership when said order was made, and were in all things managing, conducting, and controlling the business and affairs of the said copartnership." This presented to the circuit judge the lack of the fundamental ground upon which a receiver could be appointed, namely, that there was danger of loss of or injury to the property of the firm. The motion to vacate the order was granted upon the ground that the receiver then appointed was not a disinterested and impartial person, but in appointing another receiver the circuit judge in effect ruled that the ground above stated was not well taken. We think it was not necessary that the point should have been presented again, and that the rule that the jurisdictional question should be first raised in the lower court was substantially and sufficiently complied with.

We hold that the order appointing Pratt as receiver was made in the absence of jurisdictional facts to support it, and, therefore, that it was beyond the power of the court to make. A

writ prohibiting the continuance of the receivership is granted.

A. *Perry* and A. S. *Humphreys* for petitioner.

J. A. *Magoon,* and J. G. *Pratt, pro se,* for respondents.

### DISSENTING OPINION OF QUARLES, J.

The only question arising in the original proceeding in this court for a writ of prohibition prohibiting the continuance of the receivership of Joseph G. Pratt as receiver for the banking partnership of which the petitioner and the respondents M. Komeya, Y. Ishii, U. Kobayashi, T. Mitamura and others were partners under the name of the Japanese Bank, is one of jurisdiction.

The bill of complaint filed by M. Komeya, Y. Ishii, U. Kobayashi and T. Mitamura against the other partners, S. Koshima, I. Yamamoto, M. Oyama, S. Kobayashi and G. Nakamura, respondents, on the 3d of June, 1915, in the circuit court of the first judicial circuit, alleged the organization of the partnership on the 19th day of May, 1909, for the purpose of carrying on a banking business in Honolulu under the name of the Japanese Bank; a capital of $30,000 subscribed by each of the parties in amounts varying from $500 to $8,750; the appointment of the respondent G. Nakamura as president and manager of the said bank; that all of the partners, except G. Nakamura, were without experience in the banking business and implicitly relied upon G. Nakamura to conduct the same. The bill, without using the words "mismanagement" or "violation of duty," alleges that immediately after entering upon the management of the partnership business the said Nakamura began to lend large sums of money to his friends upon unsecured promissory notes and that he loaned one of the partners, I. Yamamoto, large sums of money, knowing the said I. Yamamoto to be financially irresponsible and unable to pay the said loans, taking the unsecured note of said I. Yamamoto for various loans in the sum of $6000, upon which nothing has been paid in the way of principal or interest, and that said I. Yamamoto has no property of any

description. The bill of complaint avers that the said G. Naka-mura borrowed from said bank on his own unsecured note vari-ous sums aggregating $16,328.85, upon which there is unpaid the sum of $13,328.85. By various averments in the bill of complaint it is shown, that owing to his breach of duty and mismanagement the management of the partnership business was taken from G. Nakamura, and that the complainant M. Komeya, and other members of the partnership, have endeavored to conduct the business and in doing so have been compelled to borrow money on their own individual credit to the extent of $19,000, and have been unable to make the business succeed, and that on the close of June 2, 1915, there was cash in hand in the sum of $44.33, and that the liabilities of the bank, exclu-sive of capital account, amount to $23,171.40, and the collectable assets amount to $23,743.31.

While the bill of complaint, which prayed for dissolution of the partnership and a settlement of the partnership accounts and an adjudication of the liabilities of the partners among themselves, is inartistically drawn, yet the probative facts stated therein show that the partnership business had proven a failure and could not be conducted except at a loss; at least two of the partners, Nakamura and Yamamoto, have been guilty of a breach of duty as partners, in that they have withdrawn from the partnership business, without security, large sums of money aggregating more than $20,000, nearly $20,000 of which has not been repaid, is outstanding, and at least that portion of which was withdrawn by Yamamoto is uncollectable. The probative facts alleged in the bill of complaint also show a mis-management by Nakamura, the only partner having experience and knowledge of the banking business and upon which the other partners relied, such mismanagement resulting in the ap-parent failure of the business. Under the facts alleged I am of the opinion that the bill presented a cause for a dissolution of the partnership, and a winding up of the partnership busi-ness. If that is true then there can be no doubt as to the juris-

diction or power of the circuit judge to make an order appointing a receiver. Owing to the established principle of law that each partner is the agent of the others and of the copartnership, and in the absence of agreement on the part of all of the partners to the contrary, either partner may transact partnership business, reduce choses in action belonging to it and collect outstanding indebtedness, the protection of the interest of the creditors of the partnership, each of which has a lien through individual partners upon the partnership assets for his debt against the partnersip, as well as the interest of the individual partners, required that the business under the conditions shown to exist in the bill of complaint should be placed in the hands of a receiver.

Discussing then the question of jurisdiction or power of the circuit judge to appoint a receiver in the equity suit, I think the correct rule is stated in 30 Cyc. 726, as follows: "In a suit for partnership dissolution and settlement, a court of equity has ample power to appoint a receiver, but the application of such appointment is addressed to the discretion of the court." In Pomeroy's Eq. Jur., Sec. 1333, it is said: "In suits for a dissolution or winding up of the partnership, and even in some very special cases without a dissolution, the court may appoint a receiver of the firm assets, when there is any misconduct on the part of the defendants, and even, perhaps, where the partners themselves are wholly unable to agree as to the management of the property and the settlement of the partnership affairs." The same learned author, in section 1330, in speaking of the appointment of receivers where two or more parties are equally entitled to possession of the property in litigation, says, "where two or more litigants are equally entitled, but it is not just and proper that either of them should retain it under his control,—as, for example, in some suits between partners." In *Ex parte Walker,* 25 Ala. 81, it is said: "The authorities affirm as a general rule, that when a bill is filed seeking a dissolution of a partnership, and it satisfactorily appears that the complainant will

be entitled to a decree for dissolution, a receiver will be appointed of course. The reason being that the same causes ·which would justify a decree for dissolution generally justify the appointment of a receiver.—Kerr on Receivers, 82 (note 1). The appointment of a receiver, in all cases, rests in the sound discretion of the court, and in determining its propriety, the facts of each particular case are to be considered." And to the same effect are the following authorities: *Anderson* v. *Powell*, 44 Iowa 20; *Law* v. *Ford*, 2 Paige 310; *Marten* v. *Van Schaick;* 4 Paige 479; *Sieghortner* v. *Weissenborn*, 20 N. J. Eq. 172, 177; *Birdsall* v. *Colie*, 10 N. J. Eq. 63; *Walker* v. *House*, 4 Md. Ch. 39. In *Speights* v. *Peters*, 9 Gill 472, the court at page 479 said: "But in respect of a fund which is claimed and is *prima facie* the proceeds of the partnership, it is but a provident exercise of equity power to place the property under the care of the court." In *Williamson* v. *Wilson*, 1 Bland Ch. (Md.) 418, 421, it is said: "When. there has been a breach of duty by a partner, a receiver has been appointed and charged with the winding up of a commercial concern, *Peacock* v. *Peacock*, 16 *Ves.* 49; *Harding* v. *Glover*, 18 *Ves.* 281." In the case of *Whitman* v. *Robinson*, 21 Md. 30, it was held that the defendant, a partner, drew out and appropriated to his own use large sums of money when the partnership was embarrassed, and that such acts were misconduct justifying the appointment of a receiver. To my mind the case last cited is on all fours with the case at bar. In *Sieghortner* v. *Weissenborn*, supra, the New Jersey equity court at page 177 said: "Courts of equity will, for sufficient cause, dissolve a partnership before the expiration of the term for which it was entered into. And it is a sufficient cause for dissolution, that it clearly appears that the business for which the partnership was formed is impracticable, or cannot be carried on except at a loss. The object of all commercial partnerships is profit, and when that cannot be obtained, the object fails. and the partnership should be terminated. *Baring* v. *Dix*, 1 Cox 213; *Jennings* v. *Baddeley*, 3 Kay & Johns.

78; *Bailey* v. *Ford,* 13 Sim. 495. And this doctrine is adopted and approved by elementary writers of learning. Collyer on Part. §291; Story on Part. §290." In 30 Cyc. 655, it is said: "The absconding or other misconduct of a partner does not, *ipso facto,* dissolve the partnership, although it may be ground for a judicial dissolution." And the same authority on page 656 says: "As the object for which a partnership is formed is pecuniary gain, as soon as it becomes apparent that the business can no longer be carried on at a profit any member is entitled to have the firm dissolved."

Under the authorities and established rules of law I am of the opinion that the probative facts alleged in the bill of complaint for a dissolution of the partnership and a settlement of the partnership affairs set forth sufficient cause for a judicial dissolution and winding up of the partnership matters, and under the showing made in the bill and the established rules of equity the circuit judge had jurisdiction to appoint the receiver. The allegations of the bill for dissolution and settlement of the partnership alleged facts which, to say the least, made a *prima facie* case for dissolution and settlement of the partnership and for the appointment of a receiver, hence, to my mind, it cannot properly be held that the receiver was appointed without jurisdiction.

The petitioner relies upon general rules in cases other than partnership to establish that the appointment of the receiver by the respondent circuit judge was without jurisdiction. In 34 Cyc. 18, 19, the general rule is stated as follows: "A reference to the various decisions upon applications for the appointment of receivers will show that each case has been made to depend upon its own peculiar features in so far as particular facts are concerned and it is not often that one case will throw light upon another except so far as it may establish the general principles which should govern the exercise of the court's discretion upon such motions. These general principles are that plaintiff must show: (1) Either that he has a clear right to the property itself,

that he has some lien upon it, or that the property constitutes a special fund to which he has a right to resort for the satisfaction of his claim; and (2) that the possession of the property by defendant was obtained by fraud; or that the property itself, or the income arising from it, is in danger of loss from neglect, waste, misconduct, or insolvency, in which case a receiver will be appointed." The facts alleged in this case, to my mind, show mismanagement, waste, and probable waste, of the partnership assets, which, under the general rule just quoted, authorize the appointment of a receiver. The same general rule is laid down in 5 Pom. Eq. Jur. §64.

Petitioner relies upon other authorities to sustain his contention that the receiver was appointed without jurisdiction, or in excess of the jurisdiction, of the circuit judge, which, in my opinion, do not apply here. I will briefly review the authorities relied on by petitioner: In the case of the *International Trust Co.* v. *Decker,* 152 Fed. 78, an appeal from an order appointing a receiver for a corporation, the question was not one of power, but of propriety. In the case of *Warwick* v. *Stockton,* 55 N. J. Eq. 61, the court declined to appoint a receiver on the ground that the facts alleged did not show a partnership but did show that the plaintiff and the defendant had entered into a joint adventure. No question of jurisdiction, or excess of jurisdiction, is discussed in that case, which was an original application for appointment of a receiver in the chancery court and there denied. In the case of *Smith* v. *Lowe,* 1 Edw. Ch. 33, which was a suit by one partner to wind up the partnership, an original application in the court of chancery for the appointment of a receiver was denied on the ground that the plaintiff was in possession of all the partnership property and in position to protect himself, to which the defendant did not object. In *Aldrich* v. *Bag Co.,* 87 Atl. (N. J.) 65, there was an application for the appointment of a receiver for a corporation under a statutory provision, and the facts alleged did not make out a case by showing insolvency on the part of the corporation as

required by the statute. In the case of *Gray* v. *Newark,* 79 Atl. (Del.) 739, an application was made for the appointment of a receiver for a corporation, which was denied, but the defendant corporation was required to give an indemnifying bond in the sum of $20,000 to secure the preservation of the plaintiff's rights. In the case of *Buchanan* v. *Comstock,* 57 Barb. 568, plaintiff filed his bill to dissolve a partnership between himself and the defendant and asked for the appointment of a receiver. His application was denied on the ground that the defendant came in and offered to divide all of the partnership property equally with the plaintiff and to give an indemnifying bond to secure the plaintiff in any other rights that might be adjudicated to him in the case. In the case of *Cronan* v. *Dist. Court,* 15 Idaho 184, the district court had appointed a receiver to conduct the business of a corporation and was carrying on through its receiver a lumber business for the corporation; the supreme court of Idaho granted a perpetual writ of prohibition against the further conduct of the business of the defendant by the district court through its receiver. In that case it appeared that the corporation was not insolvent, nor was it in "imminent danger of insolvency" within the meaning of the statute of Idaho providing for the appointment of receivers for corporations when the corporation is insolvent or in imminent danger of insolvency. It was made to appear in that case that the corporation there involved was possessed of unincumbered assets to the value of $1,000,000. over and above its liabilities.

To my mind the cases relied on by petitioner are not applicable to the case at bar. The rules relating to the appointment of receivers for corporations and for individuals other than partnerships are entirely different from those relating to the appointment of receivers for a partnership when the partnership business has proven a failure, cannot be conducted except at a loss, or there has been mismanagement or breach of duty on the part of one or more of the partners. Another case relied on by the petitioner is that of *Cal. Feed Co.* v. *Club Stables,* 10 Haw.

Oyama v. Stuart, 22 Haw. 693.

209, 214.  In that case a creditor, who was also a stockholder (but the fact that he was a stockholder was not alleged in his bill of complaint), commenced his suit in equity and obtained a receiver for the corporation.  From the decree appointing the receiver an appeal was brought to this court.  There were three opinions in the case, but each one holding that if the complainant should amend his bill of complaint and allege the fact, which appeared in evidence, that he was a stockholder of the corporation and therefore interested in the property, the decree appointing the receiver would be affirmed, otherwise it would be reversed.  I fail to see any application of the rule enunciated in that case to the case at bar.  There is no question but that the complainants in the equity suit for dissolution and winding up of the partnership business are interested in the partnership property.  They are also interested in a correct application of all of the partnership assets to the partnership debts.  They are interested in having all outstanding debts due the partnership collected and applied solely, in the first instance, to the payment of the debts owing by the partnership.  And under the authorities the circuit court through its receiver was charged with the duty of taking charge of the partnership assets and winding it up and settling the partnership liabilities and accounts of the partners as among themselves.  Many authorities, English and American, not referred to, can be cited showing that it was the duty of the circuit judge to appoint a receiver, and all of the authorities agree that it is largely a matter within the discretion of the circuit judge.  While prohibition will lie to suspend or restrain the execution of a judgment, order or decree made by a circuit judge without jurisdiction, it will not lie in a case where the circuit judge had jurisdiction and the matter was discretionary.

In my opinion the alternative writ heretofore issued should be quashed and the peremptory writ of prohibition denied.