No. 13,270.

STATE EX REL. R. B. TROWBRIDGE VS. HON. ISAAC MAYER, JUDGE OF THE
TIIRD WARD JUSTICE COURT FOR THE PARISH OF ST. MARY ET AL.

SYLLABUS.

1. The district court has jurisdiction.

2. The court of the first instance has some discretion in determining whether
   or not the cause of plaintiff in ejectment proceedings, was one based on a
   lease. The district court has jurisdiction to correct any error in this res-
   pect.

3. The writs of *certiorari* and prohibition are to be issued only in cases of man-
   ifest necessity, and after a fruitless application for relief to the court to
   which the case is appealable.

A PPLICATION for writs of *certiorari* and prohibition.

*Charles A. O'Niell* and *Placide P. Sigur* for Relator.

Respondent Judge *pro se.*

*Milling & Sanders* and *John B. Roberts* for W. D. Trowbridge,
also Respondent.

The opinion of the court was delivered by

BREAUX, J. Relator complains of a judgment rendered by the
respondent, and applies for a writ of prohibition to be directed to the
justice of the peace, forbidding him to proceed further, for the
reason that the cognizance of the cause does not belong to the Third
Ward Justice Court, over which the respondent presides as justice of
the peace.

He also applies for a writ of *certiorari,* commanding him to send
up to this court a certified copy of the proceedings.

He prays that after due proceedings, there be judgment in his
favor, as relator, against the justice of the peace, the constable of the
court, and the one in whose favor judgment was rendered, maintain-
ing the writ for which he applies, and that the proceedings had in the
cause complained of, including the judgment, be decreed null and
void.

In his answer and return to the order *nisi*, issued by this court, the respondent avers that on the twelfth day of September, 1899, Willard D. Trowbridge brought an action against Roswell B. Trowbridge to eject him from his premises, in the town of Franklin, and that the defendant in the proceedings before him interposed the following exceptions:

That the defendant occupied the premises as owner, not as tenant, and that he had a suit pending in the District Court claiming the ownership of the property.

, To sustain the last ground of defence, defendant, in the ejectment suit before the justice court, introduced in evidence the entire record of the proceedings had in the District Court, for the purpose of showing the pending of the proceedings, and to show, further, that the defendant was not occupying as a lessee, nor as a tenant at will, but as an owner.

Oral testimony, also, was offered and admitted in support of the ownership claimed by the defendant, and, as we gather, there was, also, evidence offered on behalf of plaintiff in the ejectment proceedings.

Objections which were overruled were offered to the admission of this testimony. Subsequently, the court decided against the defendant's position, and overruled the plea urged by the defendant as to the jurisdiction of the court. In other words, after having heard the evidence, the justice of the peace held that defendant was a tenant, and, thereafter treating the exception as an answer, rendered judgment so as to oust the defendant from his possession as tenant.

After the judgment had been rendered, the defendant applied for a suspensive appeal from the judgment of the justice of the peace, to the District Court, which the justice of the peace declined to grant, holding that the defendant in the proceedings to eject had a right to a devolutive, but not to a suspensive appeal, and referred to the article of the Revised Statutes, which provides that no appeal shall suspend the execution of the judgment rendered in proceedings to oust a tenant, unless the defendant has filed a special defence, supported by his oath, that all the facts contained in his answer, are true, and that they entitle him to retain possession.

In meeting this position relator avers that he did not make affidavit to any defence made by him in the justice court, because he did not have any opportunity, and did not, and could not, lawfully, make

any defence to the merits of the proceedings, because the justice of the peace was not competent to try the case, as he had no jurisdiction.

We will not indicate other issues than those disclosed by the foregoing. That statement is complete enough to serve as ground for our reasons for declining to grant the writs petitioned for by the relator.

The possibility that the defendant, in the lower court, is the owner of the property which the plaintiff declares he, the defendant, holds as tenant, does not, at this time, furnish reason enough to justify us in granting the writs.

The defendant may be a tenant, and in that case the court would have jurisdiction. If the court has erred in holding that he was a tenant, that error may be corrected on appeal to the District Court, contradictorily with the parties concerned.

But here, on conflicting statements presented *ex parte,* we can not very well assume to decide that defendant was not a tenant, but the owner of the property.

An appeal is the principal mode of obtaining a review of a judicial decision. Upon appeal from the court of the justice of the peace to the District Court, the cause is to be heard anew. It is decided upon evidence, newly introduced, and in the same manner as if it had not been previously decided. The appeal entirely removes the cause. The facts, as well as the law, are to be reviewed, but the writ of prohibition removes nothing but a point of law.

In this case, the point of law forms part of the merits. It is, as we infer, the only point at issue, and the merits will have been disposed of as relates to the question of "tenant" *vel non,* when it shall have been determined that defendant, in the ejectment proceedings, was not a tenant.

The appellate jurisdiction of the District Court includes questions as to the jurisdiction of the inferior court, as well as any other questions which may arise on the merits, and includes all the questions presented in the application before us at this time. The plea to the jurisdiction may be considered at any time during the trial. The court may, even *ex proprio motu,* dismiss the case, if it should conclude that the court of first instance had no jurisdiction.

In the interest of celerity, if for no other purpose, we think that the issue, such as that presented here, should come up and be considered with the merits, and be disposed of on appeal. If, after

having considered the facts, it should appear that jurisdiction was wanting, the parties would not, as we take it, be without a remedy.

In view of this, the Supreme Court has decided that "prohibition is not a proper remedy where relief can be reached through appeal or injunction." State *ex rel.* Shaw vs. Judge, 47 Ann., 1602; State *ex rel.* Reid vs. Judge, 45 Ann., 947; State *ex rel.* Rozier vs. Judge, 50 Ann., 21.

This court finds no reasonable way to the conclusion that a litigant has exhausted all other remedies when he has so many opportunities to be heard before the court of original jurisdiction, and before the District Court regarding his plea of want of jurisdiction.

The relator, it must be borne in mind, is not seeking to take advantage of the want of jurisdiction, growing out of any formal defect in the process not connected with the merits, nor of the want of jurisdiction over the person, or *ratione materiae* apparent on the face of the record, but an alleged want of jurisdiction growing out of the facts of the case and turning entirely upon whether the facts are as relator contends they are, or as the justice of the peace says they are. In our judgment, the controversy is clearly within the jurisdiction of the District Court, and we have concluded to refer the parties and their differences to it. The want of jurisdiction does not clearly appear from the record.

We must give some consideration to the judgment of the court *a qua* in determining facts regarding the jurisdiction and the merits. We must decline to annul its judgment without a complete showing of error. Such showing has not, at this stage of the case, been made.

It is, therefore, ordered, adjudged and decreed, that the rule *nisi,* which was issued, be recalled and cancelled, and that relator's application for writs of *certiorari* and prohibition be, and the same is hereby rejected.

Rehearing refused.