IN THE MATTER OF THE APPLICATION OF UNION FEED COMPANY, AN HAWAIIAN CORPORATION, FOR A WRIT OF PROHIBITION AGAINST KALA KAAIHUE, AND WILLIAM HENRY, ESQUIRE, HIGH SHERIFF OF THE TERRITORY OF HAWAII.

PETITION FOR WRIT OF PROHIBITION.

HEARD OCTOBER 28, 1912.            DECIDED NOVEMBER 11, 1912.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

PROHIBITION—*general rule—exceptions.*

The general rule is, that prohibition will not be granted until

the question of jurisdiction has been raised without success in the lower court. To this general rule, however, which is one of practice rather than of jurisdiction, there are exceptions.

ID.—*enforcement of execution prevented.*

A writ of prohibition to prevent the enforcement of an execution on the ground of the invalidity of the judgment will be refused where there is an adequate remedy, either by motion in the lower court, or by appeal.

OPINION OF THE COURT BY DE BOLT, J.

This is an application to this court by the Union Feed Company, the petitioner herein, for a writ of prohibition to prohibit further proceedings in a certain action against the petitioner as garnishee and to prevent the enforcement of the writ of execution issued therein against the petitioner's property. A temporary writ of prohibition was issued and the respondents were directed to appear and show cause, if any they had, why the prohibition should not be made perpetual.

The petition alleges, in substance, that on August 21, 1909, Kala Kaaihue, as plaintiff, instituted an action in the district court of Honolulu, against Wallace Jackson, as defendant, and against the petitioner as garnishee, to recover judgment on a promissory note; that summons was duly issued and served on the petitioner, commanding it to appear and disclose as such garnishee; that the petitioner filed its answer disclosing that the defendant was in its employ at the time the summons was served on it, and that there was due from it to the defendant the sum of $10; that on September 8, 1909, the cause came on for trial and judgment was entered for the plaintiff and against the defendant, but that no judgment or order whatsoever was entered against the petitioner as garnishee, and no further proceedings were had or taken therein against it; that an appeal was duly taken by the defendant from the judgment to the circuit court of the first circuit; that upon motion, without notice to the petitioner, the cause was set for trial in that court for September 23, 1912; that, without notice to the petitioner, and

Union Feed Co. v. Kaaihue, 21 Haw. 345.

it not being represented, the cause proceeded to trial before the first judge of the circuit court, jury waived; that the circuit judge filed a written decision therein finding in favor of the plaintiff and against the defendant; that, notwithstanding the fact that the district magistrate had failed to enter any order commanding the petitioner to withhold any amount from any funds which might be within its control and due and owing to the defendant, and notwithstanding that the petitioner had never had notice of the appeal, or of the trial, and notwithstanding the fact that the petitioner made no appearance and was not represented at the trial, the circuit judge, on September 26, 1912, caused judgment to be entered against the petitioner, commanding it to pay to the plaintiff 25 per cent. of all salary, stipend, wages, annuity or pension which was due, owing and payable by it to the defendant at the time of service upon it of the district court summons, and 25 per cent. of all further salary, stipend, wages, annuity or pension which might become due, owing and payable by it to the defendant until said judgment should be fully paid, or until the defendant should quit the service of the petitioner; that, notwithstanding all and singular the facts mentioned, the circuit judge, on October 18, 1912, caused to be issued under the seal of the court a writ of execution upon said judgment, without the knowledge of or notice to the petitioner, directing a levy of the same upon the petitioner's property, as well as upon the defendant's property; that the writ is addressed to William Henry, the high sheriff of the Territory of Hawaii, and is now held by him in his official capacity, and that the same has not been fully executed, but will be forthwith duly executed upon the petitioner's property, unless the execution thereof shall be prohibited; that in the entry of said judgment the circuit judge acted without jurisdiction and in excess of the jurisdiction and authority conferred upon him in the premises, and that said judgment is null, void and of no effect, and the writ of execution is likewise void.

The prayer is, that a writ of prohibition issue prohibiting

Kala Kaaihue from further enforcing or attempting to enforce said judgment, or said writ of execution, or from any further proceedings against the petitioner in connection with said cause, and prohibiting the high sheriff from proceeding any further in the matter of the enforcement or execution of said writ of execution, or from taking any further steps in or towards the execution of said judgment.

The respondents answered, admitting some of the facts alleged in the petition and denying others therein set forth. They deny the allegation, that no judgment or order was entered against the petitioner as garnishee, and allege that the district magistrate, upon the return day of the summons, orally directed the garnishee, then present and appearing by its secretary, to withhold 25 per cent. of all wages due and to become due from it to the defendant, and that at the time the judgment was entered in favor of the plaintiff and against the defendant the district magistrate also orally directed that the garnishee pay to the plaintiff 25 per cent. of all wages due and to become due from it to the defendant until the judgment should be fully paid.    They also deny the allegation, that upon motion of the plaintiff the cause was set for trial in the circuit court without notice to the petitioner, and allege that the cause was set for trial by the court of its own motion after notice for that purpose had been published in the daily newspapers of Honolulu, and that the defendant was notified and was present at the trial. They also deny the allegation, that the petitioner had no notice of the appeal, and allege that the petitioner did have notice of the appeal, having signed the defendant's appeal bond for costs, as surety.

The respondents also allege as a further reason why the petition should be dismissed and the writ of prohibition denied, that the petitioner has made no attempt to have the cause reopened by the circuit court in order that any alleged injustice might be remedied or corrected, nor has it attempted or taken any step to have any alleged errors corrected by a writ of error,

Union Feed Co. v. Kaaihue, 21 Haw. 345.

nor does it show or attempt to show that it is in any way prejudiced by the proceedings and judgment, or that it has not had more than sufficient of the funds or wages of the defendant to pay the judgment.

On the return day of the petition witnesses on behalf of the respective parties were sworn and testified as to the proceedings had in the district court. The evidence adduced by the petitioner tends to show that the district magistrate at no time orally or otherwise directed or ordered the petitioner as such garnishee to withhold any amount from any funds or wages due or to become due from it to the defendant. The evidence adduced by the respondents, it is claimed, shows just the contrary, namely, that on the return day of the summons, as well as at the time the judgment was entered, the district magistrate orally directed and ordered that the petitioner as garnishee withhold and pay to the plaintiff 25 per cent. of all wages due and payable and to become due and payable from the petitioner as garnishee until the judgment should be fully paid, or until the defendant should quit the service of the petitioner. The district magistrate's record, which was received in evidence, shows that judgment was given for the plaintiff against the defendant, but does not show that any order was made as to the garnishee. The evidence adduced by the respondents as to the alleged oral order by the magistrate, even if admissible, was so vague and uncertain that we cannot find as a fact that such an order was made. Whether, because of the failure of the magistrate to make any order respecting the garnishee, it ceased to be a party to the proceedings so that the circuit court was without jurisdiction to render judgment against it, we need not say, for even if there was a lack of jurisdiction the petitioner is not entitled to the writ under the circumstances of this case. The petitioner admits that it has made no application to the circuit court, by motion or otherwise, for relief; that it has taken no step whatsoever with the view of having the writ of execution quashed or recalled, or the judgment complained of set aside or reviewed.

In other words, the petitioner admits that it has not availed itself of any of the remedies obviously at its command. The writ of prohibition "will not be granted to restrain proceedings for the enforcement of an execution, when adequate relief may be had by a motion addressed to the court from which the execution issued." High, Extra. Rem. (2d ed.), §770; *Ducheneau* v. *Ireland*, 5 Utah 108, 111; 2 Spelling, Inj. Extra. Rem. (2d ed.) §1727. The petitioner fails to show any necessity for the granting of the extraordinary writ of prohibition, which is a writ "to be used with great caution and forbearance." 32 Cyc. 598, 599. It is obvious that there are other plain and adequate remedies which the petitioner may invoke. The writ "issues only in cases of extreme necessity, and before it will be granted it must appear that the party aggrieved has applied in vain to the inferior tribunal for relief." High, Id., §765. "The extraordinary remedy by prohibition is confined at present, as when first employed, only to cases where it appears that the party seeking it has an actual grievance, and has applied without avail to the inferior tribunal for relief; and an application for a writ of prohibition will be denied where it does not appear that want of jurisdiction was pleaded in the court whose action is sought to be prohibited." 2 Spelling, Id. §1731. See also *Smith* v. *Whitney*, 116 U. S. 167, 169, 170, 173, 174; *In re Cooper*, 143 U. S. 472, 495; *In re Rice*, 155 U. S. 396, 402, 403; *In re The Mfg. Co.*, 184 U. S. 297, 301; *Walcott* v. *Wells*, 9 L. R. A. 59, 61, 62; *Ex parte Green*, 29 Ala. 52, 56; *Railroad Co.* v. *Newton*, 133 N. C. 136, 137; 23 Ency. Law 212, 213; 32 Cyc. 602, 603; 16 Ency. Pl. & Pr. 1109, 1128, 1130; *Atkins* v. *Siddons*, 66 Ala. 453; *State* v. *Mayer*, 52 La. Ann. 255; *State* v. *Burton*, 11 Wis. 50, 52.

The general rule is, as shown by the authorities cited, that prohibition will not be granted until the question of jurisdiction has been raised without success in the lower court. To this general rule, however, which "is one of practice rather than of jurisdiction," there are exceptions, such, for instance, as sum-

mary proceedings for contempt. *Dole* v. *Gear,* 14 Haw. 554, 567, 578. And it does not always follow that because the question of jurisdiction may be determined on appeal prohibition will not lie. *Andrews* v. *Whitney, ante,* 264. The case at bar falls within that class of cases governed by the general rule.

It is also urged on behalf of the petitioner that, inasmuch as "it was not a party to the proceedings in the circuit court and had no notice of the trial before the circuit court, nor was it represented either personally or by attorney in the circuit court, it could not have excepted to the judgment nor have taken an appeal therefrom." Though the right of exception was not exercised and is not now available to the petitioner, it does not follow that other plain and adequate remedies were not and are not now available to it, such, for instance, as a motion to quash the execution or to set aside the judgment (14 Ency. Pl. & Pr. 97, 98), or appeal by writ of error (*Gear* v. *Henry, ante,* 101, 104).

The petition is dismissed and the writ denied.

*W. B. Lymer* (*Thompson, Wilder, Watson & Lymer* on the brief) for petitioner.

*C. F. Peterson* for respondents.