CHARLES H. ROSE *v.* THE HONORABLE CLARENCE W. ASHFORD, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII.

PETITION FOR WRIT OF PROHIBITION.

ARGUED MARCH 1, 1915.      DECIDED MARCH 4, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

CONTEMPT—*procedure in cases of constructive contempt—formal complaint.*
    In cases of constructive contempt where the facts constituting the alleged offense do not appear of record and are not evident to the court it is necessary to give the court jurisdiction to proceed against the contemnor that a formal affidavit, complaint or information stating the facts be filed as a basis upon which an order to show cause or attachment may issue.
PROHIBITION—*contempt proceedings—void order.*
    A writ of prohibition may be had to restrain the enforcement of a void order by a circuit court or judge through contempt proceedings though the question of jurisdiction was not first raised in the court below.

OPINION OF THE COURT BY ROBERTSON, C. J.

Upon the petition of Charles H. Rose a writ of prohibition was issued against Hon. C. W. Ashford, first judge of the circuit court of the first circuit, restraining him from proceeding

further in the matter of an alleged contempt of court said to have been committed by the petitioner, and the question now is whether the writ should be made perpetual. On February 24, 1915, the following order was made and entered in the circuit court by direction of the respondent who was presiding therein:

"IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,

TERRITORY OF HAWAII.

January 1915 Term.

"IN THE MATTER OF

"CHARLES H. ROSE.

"ORDER TO SHOW CAUSE.

"WHEREAS, said Circuit Court, (the First Judge thereof presiding,) has been given to understand, by a perusal of the records of this Court, in part, and in part by the statements of witnesses, made in open Court, that on the 19th day of February, 1915, at 4:40 o'clock in the afternoon, there was issued, out of said Circuit Court and under the Seal thereof, and under the hand of one of its Clerks, a certain Bench Warrant or Warrant of Arrest for the arrest of John T. Scully and Henry B. Lewis; and that said Bench Warrant, addressed to the High Sheriff of the Territory of Hawaii, or his Deputy, the Sheriff of the City and County of Honolulu, or his Deputy, was forthwith thereafter delivered to said Sheriff for service and execution; and that said Henry B. Lewis, so named in said Warrant, was not arrested until the 22nd day of February instant, although he, the said Henry B. Lewis, was, during all of the intermediate period, present and available for the purposes of arrest within said City and County; and that the return of said Sheriff to said Warrant of Arrest inaccurately and erroneously or falsely indicates and avers that said Henry B. Lewis, together with said John T. Scully, was arrested by said Sheriff, in obedience to said Bench Warrant, on the 21st day of February, 1915;

"AND WHEREAS, upon said facts being brought to the attention of the Court, the Court directed and procured that said Sheriff, Charles H. Rose, should be immediately communicated with and requested to appear in and before this Court at 1:30

P. M. of this present date, being Wednesday, the 24th day of February, 1915, for the purpose of explaining why the mandate of said Warrant of Arrest had not been earlier complied with by him;

"AND WHEREAS, said Sheriff, Charles H. Rose, has ignored said request so made of him to so be and appear in Court and explain as aforesaid;

"Now THEREFORE, IT IS ORDERED that said Charles H. Rose, Sheriff of the City and County of Honolulu, as aforesaid, be and he is hereby cited and ordered to appear in and before this Court, and before the First Judge thereof, in the Courtroom of said Judge, at 9 o'clock in the forenoon of Thursday, the 25th day of February, 1915, and then and there to show cause, if any he has, why he should not be adjudged guilty of contempt of court, because of the matters and things hereinabove recited, and why, if so adjudged guilty of contempt of court, he should not be punished as provided by law.

"IT IS FURTHER ORDERED that service of this Order and citation upon said Charles H. Rose, shall be made by the High Sheriff of the Territory of Hawaii, or his Deputy.

"So ORDERED AND DONE IN OPEN COURT THIS 24th day of February, 1915.

"BY ORDER OF THE COURT

(SEAL)                "J. C. CULLEN,

"Clerk of the Circuit Court for the First Circuit of the Territory of Hawaii."

The contention of the petitioner, who is the sheriff of the city and county of Honolulu, is that that was a void order made without jurisdiction because it was not founded on any formal affidavit or information filed in court setting forth the facts relied upon as constituting contempt of the circuit court on the part of the petitioner. It will be observed that there were three matters set forth in the order to which the sheriff was required to respond, (1) the failure to execute the warrant until the 21st or 22d day of February; (2) the making of a false return; and (3) the failure of the sheriff to appear before the court, as requested, at 1:30 P. M. on the 24th of February. Counsel for the respondent in the present proceeding state that they do

Rose v. Ashford, 22 Haw. 469.

not rely upon grounds (2) or (3) although it appears from an averment in the petition that the warrant was, in fact, not served upon Lewis until the morning of February 24th. They rely solely upon the ground of the failure and neglect of the sheriff to forthwith arrest Lewis upon the delivery to him for service of the warrant and in obedience to its command, and it is their contention that there were sufficient facts before the court to authorize the making of the order in question without the filing of any formal affidavit, complaint or information charging contempt of court on the part of the sheriff.

Under the statutes of this Territory it is a misdemeanor for an officer to wilfully and corruptly refuse, neglect or delay the serving of lawful process for the apprehension of any person charged with an offense whereby such person shall avoid arrest and go at large (R. L. Sec. 3067) and the wilful disobedience or neglect of any lawful process or order is contempt of court (R. L. Sec. 3069). The wilful refusal or neglect of a sheriff in whose hands a warrant of arrest has been lawfully placed for service to execute the same in accordance with the direction therein contained would doubtless amount to both a misdemeanor and a contempt of the court by which the warrant was issued.

The alleged contempt in this case was not committed in the presence of the court. It was a constructive contempt, though criminal in its nature. The authorities lay it down as a general rule that in cases of constructive contempt it is necessary to give the court jurisdiction to proceed against the contemnor that a formal statement, affidavit, complaint or information stating the facts be filed as a basis upon which an order to show cause or attachment may issue. 4 Enc. Pl. & Pr. 779; 9 Cyc. 38, and cases cited. This is to make the facts alleged to constitute the contempt a matter of record for the information of the court and to apprise the party proceeded against of what he is accused. To this end the courts are entitled to the assistance of the duly constituted prosecuting officers to whose

attention the courts may very properly bring any circumstances which have arisen tending to show that a contempt may have been committed. In *Hurley* v. *Commonwealth,* 188 Mass. 443, 446, the court said, "A prosecution for contempt of court is *sui generis.* It calls for the exercise by the court of its summary power to punish for conduct tending to obstruct or degrade the administration of justice. This power is inherent in the superior courts, because it is essential to the execution of their orders and the maintenance of their authority, and it has been recognized and used from the earliest times. If a contempt is committed in the presence of the judge, no complaint or process is necessary to give the court jurisdiction of the offender, but the court may act upon its judicial knowledge, and the contemnor may be taken into custody at once. If the contempt, instead of being direct, is indirect and constructive, knowledge of it should first be brought to the court in a way to justify formal action. This is usually by an affidavit setting forth the facts of which complaint is made. While most of the technical requirements of criminal statutes have no application, the hearing should be had with due regard for the rights of the accused, and in view of the fact that, if found guilty, he may be subjected to criminal punishment. The proper procedure is, therefore, closely analogous to that in ordinary criminal cases. In the present case the proceedings were begun by a formal complaint to the court, made by the first assistant district attorney of Suffolk County in his official capacity. He is one of the prosecuting officers of the court, duly sworn to the proper performance of his official duties. While the making of a complaint of this kind is not required of him by any statute, it is in the general line of the duties which he is regularly performing. A complaint of this kind, signed by him as a public officer, may fairly be said to carry with it the sanction of his oath of office. In the absence of a statute or of an established rule of law requiring that in all cases the complaint itself shall be sworn to, we think the matter was brought to the attention

of the court with such support and assurance of its verity as justified the issuance of process and the subsequent hearing." It is clear that in a case even of constructive contempt all the essential facts may be before the court without an affidavit or complaint. For example, an attachment or citation may at once issue for a juror or a witness who is shown by the files of the court to have been duly summoned to attend and whose absence is evident to the court. In *State v. Frew,* 24 W. Va. 416, 471, Judge Snyder said, "In direct contempts it is almost uniformly the practice for the judge to act on his own information. He acts upon the evidence of his own senses. And in the case of constructive contempts, if he has the same kind of evidence, he is equally at liberty to act upon it. In some cases the character of the offense may be more complicated and less susceptible of furnishing such proofs of its existence as will authorize the court to act upon it. In such cases a sworn statement is necessary and should always be required as the foundation of the rule." That statement commends itself to our judgment though there may be some doubt as to its proper application in the case in which the language was used. There the contempt consisted in the publication of a defamatory article in a newspaper, and other courts have held that such cases fall within the general rule requiring the filing of an affidavit or complaint. In the case at bar the circuit court knew from the record in the case when the warrant in question was issued, but not that it immediately reached the hands of the sheriff; it knew the date when, according to the return of the sheriff, Lewis was arrested, but not that he was present in Honolulu and available for arrest prior to that date. In our opinion the case falls within the general rule relating to the procedure in cases of constructive contempt, and that the order to show cause was void because not founded on an affidavit, complaint or information setting forth facts which, unexplained, would show a wilful disobedience or neglect on the part of the accused.

It is settled in this Territory that a writ of prohibition

may be had to restrain the enforcement through contempt proceedings of an order made by a circuit court or judge without jurisdiction though the point of lack of jurisdiction has not been raised in the court below. *Dole* v. *Gear,* 14 Haw. 554. In this respect there is no difference in principle between a coercive proceeding to compel the performance of an act and a punitive proceeding to punish disobedience of a lawful writ or mandate.

We hold that the writ was properly issued in this case and that it should be made perpetual as to proceedings upon the order in question.

*Lorrin Andrews* and *C. H. McBride* for petitioner.
*J. W. Cathcart* and *R. W. Breckons* for respondent.