HIDETARO SAKAN AND K. HIRATA *v.* HON. C. W. ASHFORD, FIRST JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, KISHICHI NODA, SENSUKE OKAMOTO, TOYOKICHI SHINDO, YASABURA HASEGAWA, SADAJIRO TONO-MURA, SIESHIRO TERADA AND JINGORO NISHIKAWA.

## No. 945.

PETITION FOR WRIT OF PROHIBITION.

ARGUED APRIL 24, 1916.                    DECIDED MAY 5, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

PROHIBITION—*equity—jurisdiction.*

Where a bill in equity shows that the controversy between the parties is such as a court of equity may properly take cognizance of, prohibition does not lie to restrain the proceeding because the bill shows that the complainants have an adequate remedy at law, or is demurrable on some other ground which does not go to the jurisdiction of equity over the subject matter.

CONTEMPT—*order to show cause—sufficiency of form.*

In a case of constructive contempt of court, where a proper showing has been made for the issuance of an order to show cause why the alleged contemnor should not be punished, the order is sufficient in form if it states in a general way the nature of the charge made against the party.

OPINION OF THE COURT BY ROBERTSON, C.J.

On March 21, 1916, the respondents herein, other than the circuit judge, filed a bill in equity against the petitioners herein averring a conspiracy, fraud, insolvency, and admission of indebtedness, and praying for discovery, an injunction, and that the respondents therein be decreed to be trustees for the complainants with respect to certain goods, wares and merchandise alleged to have been ob-

tained from the complainants by the respondent Sakan and by him transferred to the respondent Hirata, and the proceeds of certain thereof alleged to have been sold by the latter, and for other relief. The bill seems to have been intended to state grounds for relief both as an ordinary creditors' bill and as one to establish and enforce a constructive trust. Upon the filing of the bill the circuit judge made an order temporarily restraining the respondents from selling, assigning or otherwise disposing of the property in question; and directing them to appear before him and show cause, on the 24th day of March, why the injunction prayed for in the bill should not issue forthwith, and why they should not answer the interrogatories propounded in the bill, and why the other relief prayed for should not be granted. The object of the court in making this strange order seems to have been to force the respondents to a hearing upon the merits of the controversy upon three days notice, although process in the usual form had issued upon the filing of the bill summoning the respondents to appear and answer ten days after service. On March 24 the respondents appeared and filed a document designated "Return to Order to Show Cause." It was therein set forth that the court was without jurisdiction to consider the matters averred in the bill of complaint because they do not state a case for equitable relief; that it was not made to appear that the complainants' claims had been reduced to judgment or determined by a court of law; that the United States District Court in and for the District and Territory of Hawaii has exclusive jurisdiction of all the matters and things averred in the bill; and that the bill is indefinite, uncertain and unintelligible. It prayed that the order to show cause be discharged. The document was regarded by the circuit judge as a demurrer to the bill and, as such, was overruled on April 13. An interlocutory appeal to this court was allowed but was not perfected. On April 18 the circuit judge entered

an order purporting to have been based "on motion of George S. Curry, counsel for the plaintiffs herein, and on the showing made," and directing the said Hirata to appear in court on the 20th day of April and show cause why he should not be adjudged guilty of contempt of court "for violating the temporary injunction and restraining order issued, made and entered herein on the 21st day of March." On April 19 the respondents Sakan and Hirata applied for and obtained this writ of prohibition with the view of having the circuit judge restrained from proceeding further with the suit in equity. On behalf of these petitioners it is here contended that the court of equity is without jurisdiction in the premises because the complainants have a plain, adequate and complete remedy at law with reference to the matters averred in the bill; that they are entitled to a trial by jury upon the claims; that it does not appear that the creditors have exhausted their remedy at law by reducing their claims to judgment followed by return of execution *nulla bona;* and that the federal court in bankruptcy has jurisdiction. It is unnecessary to recapitulate the averments contained in the lengthy bill. It is enough to say that the bill contains at least enough to indicate that the complainants have claims of equitable cognizance against the respondents. The nature of the subject matter disclosed by it is such as equity may take jurisdiction of. If it does appear from the bill that the complainants have an adequate and efficacious remedy at law and it is not a case where the jurisdiction at law and in equity is concurrent, or if the bill is deficient of allegation in some respect, the demurrer, so called, presumably was improperly overruled, but with reference to that ruling—at most a mere error— the respondents will have a sufficient remedy by way of appeal or writ of error from an adverse final decree if one be entered. If the bill is defective in form the complain-

ants may, in the meantime, obtain permission to amend it. To be entitled to a perpetual writ of prohibition the petitioner therefor must show not only that the lower court is proceeding without jurisdiction, or in excess of its jurisdiction, but also that no other adequate means of relief is available to him. *Union Feed Co.* v. *Kaaihue*, 21 Haw. 345; *Oyama* v. *Stuart*, 22 Haw. 693. However, the contention that the circuit judge, sitting in equity, has no jurisdiction of the subject matter of the suit in question is not sustained. When a court of equity has jurisdiction of the subject matter of a suit and is competent to grant the relief sought its power to determine the controversy and enter a valid decree is not defeated by the fact that the complainant has a plain, adequate and complete remedy at law. See 16 Cyc. 128; *Kuala* v. *Kuapahi*, 15 Haw. 300, and cases there cited. A bill in equity may be demurrable because of the existence of a complete and adequate remedy at law and yet the suit be not without the jurisdiction of a court of equity. This is shown in *Kuala* v. *Kuapahi*, and similar cases, for if the existence of the legal remedy goes to the jurisdiction of equity under any and all circumstances no waiver of the defense could confer jurisdiction. The line of cases referred to shows that that is not so. And so, again, with reference to the contention that the bill cannot be maintained as a creditors' bill in the absence of an averment that the complainants have obtained judgment at law and that execution has been returned thereon *nulla bona*, if, under the circumstances averred, the general rule which is invoked applies (a point we do not decide), and the bill cannot otherwise be maintained against a demurrer, still the jurisdiction of the equity court over the subject matter would not be affected. And so, also, with reference to the contention that there is exclusive jurisdiction in the federal court because the bill avers that on

March 17, 1916, certain of the complainants filed a petition in that court to have the respondent Sakan adjudged an involuntary bankrupt. It is not averred that an adjudication of bankruptcy has been made. If such an adjudication shall be made, and a trustee be appointed in due course, and it is found that the prosecution of the suit in equity will interfere with the proper administration of the bankrupt's estate, the suit, presumably, may be stayed, at least as to the respondent Sakan, by the bankruptcy court. (See Collier on Bankruptcy (10th ed.) p. 266.) But it does not appear from the record before us that there is a lack of jurisdiction in the premises in the equity court by reason of the filing of the petition in bankruptcy.

Was the order of April 18, directing the respondent Hirata to appear and show cause why he should not be adjudged guilty of contempt of court, made without jurisdiction, and should proceedings upon it be prohibited? It is settled law in this Territory that a proceeding for contempt of court for violating a void order will be restrained even though the question of jurisdiction was not first raised in the lower court. *Dole* v. *Gear,* 14 Haw. 554, 568; *Rose* v. *Ashford,* 22 Haw. 469. In *Rose* v. *Ashford* it was also held that in cases of constructive contempt where the facts constituting the alleged offense do not appear of record and are not evident to the court it is necessary, to give the court jurisdiction to proceed against the contemnor, that a complaint in some form setting forth the facts which it is claimed constitute the contempt be filed as a basis for the citation. This is for the information of the court and to apprise the party proceeded against of what he is accused. In the case at bar no such complaint appears in the record, but the order itself recites that a showing was made, and the petition for the writ does not aver that it was not made. Under these circumstances we must assume that

the recital was true and that a proper foundation for the order was presented to the circuit judge. It was not necessary that the citation to appear should have set forth what the showing was. It would be a case of civil constructive contempt, and Hirata was already in court as a party to the equity suit. It was enough that the order should state generally, as it did, that the party was charged upon a certain showing made to the court with having violated the restraining order mentioned. "No great strictness is required in the construction or form of a rule requiring a defendant to show cause why he should not be punished for contempt. In cases where an information is filed it is sufficient if the rule informs him, in a general way, of the nature of the charge preferred against him; for it is enough that the rule conveys such notice as will apprise him of the fact that a charge is pending against him, and put him upon inquiry." *Hawkins* v. *State,* 125 Ind. 570, 574.

Our conclusion is that it has not been shown that the circuit judge has proceeded without jurisdiction, and that the temporary writ heretofore issued herein should be dissolved. It is so ordered.

*J. Lightfoot* for petitioners.

*G. S. Curry* for respondents.