JOSEPH KAELEMAKULE *v.* VIOLET LINCOLN KAELEMAKULE, E. J. BOTTS, RECEIVER, AND FRANCIS M. BROOKS, JUDGE OF THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, DIVISION OF DOMESTIC RELATIONS.

No. 2261.

Argued January 21, 1936.          Decided March 2, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY COKE, C. J.

Joseph Kaelemakule, the above-named petitioner, instituted in the circuit court of the first judicial circuit an action for divorce against his wife Violet Lincoln Kaelemakule. Following the hearing and on December 3, 1935, the judge of the circuit court entered a decree dissolving the bonds of matrimony between the parties as prayed for and under the authority of the decision of this court in *Kaelemakule* v. *Kaelemakule, ante,* p. 268, awarded to the libellee Violet Lincoln Kaelemakule a gross allowance of $6000 and the further sum of $2550, being unpaid temporary alimony theretofore granted for the support of the wife and children *pendente lite,* the sum of $4000 each to be paid to the two minor children of the parties, and $1500 to counsel for the libellee,—a total award of $18,050, all of which the libellant Kaelemakule, under the terms of the decree, was required to pay forthwith. From this decree Kaelemakule duly perfected an appeal to the supreme court. Subsequently, and while said appeal was pending in this court, Mrs. Kaelemakule interposed a motion in the circuit court at chambers for the appointment of a receiver of the libellant's property, alleging therein that Kaelemakule had failed to comply with the court's decree and was about to dispose of his real and personal property with intent to defraud the libellee and to render the judgment against him nonenforceable.

The motion coming on for hearing and the court finding the averments therein to be true entered a decree under date of December 19, 1935, to the effect that should the libellant fail on or before noon, December 27, 1935, to file a satisfactory bond in the sum of $36,100 to protect the judgment theretofore entered, a receiver of his prop-

erty would be appointed as prayed for. Kaelemakule also appealed from this decree. Both appeals are still pending.

On December 30, 1935, the libellant having failed to supply the bond required in the order of December 19, the circuit court appointed a receiver under a bond of $18,000 directing and empowering him "to immediately sequester, collect, take, hold, manage and otherwise deal with, subject to the further and other order of this court, all of the personal property and estate of said libellant, together with all of the rents, issues and profits of said libellant's real estate, which said personal estate and rents, issues and profits are hereby sequestered and vested in said receiver to be collected, reduced to possession and held by him to be applied towards the satisfaction and performance of the terms of the decision and decree of divorce herein, in such manner as may be hereafter ordered and directed by this court."

No attempt has been made by the libellant to appeal from this last order. The libellant has, however, filed in this court a petition for a writ of prohibition against the respondents above named seeking a temporary writ prohibiting them and each of them from in any manner whatsoever taking any further cognizance of the cause or from taking any further proceedings in the suit and prohibiting the receiver from carrying out the order and requesting that the respondents be cited to show cause why the writ should not be made permanent. The temporary writ was duly issued as prayed for.

The respondents interposed a demurrer to the petition upon the principal ground that it affirmatively appears therein that the orders of the lower court, dated respectively December 19 and December 30, 1935, are valid and within the court's power and jurisdiction and afford no proper basis for a writ of prohibition. And further that there is no sufficient showing that the respondents have

committed or threatened to commit any act which would subject them to prohibition under the laws of the Territory. The petitioner contends that the appeal taken by him from the order of December 19, 1935, having been duly perfected, operated, under the provisions of section 3504, R. L. 1935, as a stay of proceedings and deprived the court below of all jurisdiction of the cause pending the determination of the appeal and that the order of December 30, 1935, was a mere nullity. He relies upon the authority of the decisions of this court in *Dole* v. *Gear*, 14 Haw. 554; *Oyama* v. *Stuart*, 22 Haw. 693; *Reynolds* v. *Reynolds*, 24 Haw. 510. The respondents on the other hand argue that under section 4477, R. L. 1935, the appeal did not stay the proceedings nor oust the lower court of jurisdiction so that it might not require the petitioner to give reasonable security for compliance with the court's order for the care and maintenance of his children and the allowance to his wife and upon his failure to do so to sequester his personal estate and the rents and profits of his real estate and to appoint a receiver thereof.

Section 3504 provides, in part, as follows: "An appeal duly taken and perfected in any case from a judgment, order or decree of a circuit judge or district magistrate shall operate as an arrest of judgment and stay of execution; provided, however, that the judge or magistrate may, upon good cause shown, allow execution to issue or other appropriate action to be taken for the enforcement of such judgment, order or decree, pending such appeal, unless the appellant shall within such time as shall be allowed by the judge or magistrate deposit a bond in such amount and with such sureties as shall be approved by the judge or magistrate (the amount to be not less than double the amount of the judgment, order or decree, if it is a money judgment, order or decree) conditioned for the prosecution of the appeal without delay and for

the payment or other performance, as the case may be, of the judgment, order or decree or part thereof that may be rendered or affirmed against him in the appellate court * * * ."

Section 4477 provides: "Whenever the judge shall make an order or decree requiring a husband to provide for the care, maintenance and education of his children, or for an allowance to his wife, the judge may require him to give reasonable security for such maintenance and allowance. Upon neglect or refusal to give the security, or upon default of him and his surety to provide the maintenance and allowance, the judge may sequester his personal estate, and the rents and profits of his real estate, and may appoint a receiver thereof, and cause his personal estate and the rents and profits of his real estate to be applied toward such maintenance and allowance, as to the judge shall from time to time seem just and reasonable." These are statutes *pari materia* and should be construed with reference to each other.

The appeal of the petitioner from the decree of December 19, 1935, did not have the effect of a supersedeas nor did it bar the right of the court below to exercise the power conferred upon it by section 4477, *supra*, to sequester the petitioner's property, appoint a receiver and thus protect the court's award to the wife and children by the maintenance of the *statu quo* pending the determination of the appeal in this court.

The writ of prohibition is defined by statute as: "A mandate which issues in the name of the Territory from the supreme court, or from any justice thereof, or a circuit judge, directed to the judge and the party suing in any inferior court, forbidding them to proceed any further in the cause, on the ground that the cognizance of such cause does not belong to such court, or that the cause or some collateral matter arising therein is beyond its

jurisdiction, or that it is not competent to decide it." R. L. 1935, § 4249. It is an extraordinary writ and is issued only in cases of extreme necessity. It cannot be invoked to serve in lieu of an appeal where the right of appeal exists. It is never allowed except in cases of usurpation or abuse of power and not then unless existing remedies are inadequate to afford relief or no other remedy is available. See *In re Hobron*, 6 Haw. 407; *Union Feed Co.* v. *Kaaihue*, 21 Haw. 345; *Scott* v. *Stuart*, 22 Haw. 459.

It is unnecessary for us to decide whether the petitioner might have had the right to appeal from the decree of December 30. Of course if he might have done so the writ of prohibition did not lie. On the ground, however, that the judge of the court below did not exceed his authority and that the decree sequestering petitioner's property and appointing a receiver thereof was the proper exercise of the power granted the judge under the provisions of section 4477 and was warranted by the facts established, we must conclude that the petitioner is not entitled to the writ prayed for by him.

The decisions in *Dole* v. *Gear, supra,* and other Hawaii cases relied upon by petitioner are clearly distinguishable from the case at bar and afford no precedent nor justification for the issuance of the writ of prohibition sought in this proceeding.

The demurrer is sustained, the petition dismissed and the temporary writ heretofore issued is dissolved.

*J. P. Russell* (*F. E. Thompson* and *O. P. Soares* with him on the brief) for petitioner.

*C. S. Davis* (*W. Y. Char* with him on the brief) for respondent Violet L. Kaelemakule.