## ROBERT HILL BOLMAN *v.* NEVADA HAYWARD JOHNSON AND FRANCIS M. BROOKS, JUDGE OF THE CIRCUIT COURT, FIRST JUDICIAL CIRCUIT, TERRITORY OF HAWAII, DIVISION OF DOMESTIC RELATIONS.

No. 2512.

ARGUED APRIL 13, 1942.    DECIDED MAY 6, 1942.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY PETERS, J.

This is a writ of prohibition challenging the jurisdiction of the judge of the division of domestic relations of the circuit court of the first circuit to modify a decree of divorce *a vinculo* in respect to the custody of a minor child of the marriage. The respondents demurred to the sufficiency of the petition upon the grounds (1) that petitioner had a complete and adequate remedy by appeal and (2) that complete jurisdiction to modify the decree of

divorce existed under the provisions of R. L. H. 1935, § 4476.

A peremptory writ was made returnable before the chief justice but he declined to hear the same, believing that the issues involved merited consideration by the court, and accordingly transferred the cause to the court for further disposition. (See *ante,* p. 28.)

The grounds of demurrer will be considered *seriatum.*

1. It is a universal rule, uniformly and repeatedly affirmed by this court, that prohibition will not lie where there exists a complete and adequate remedy to redress the action complained of. (See *Kaelemakule* v. *Kaelemakule,* 33 Haw. 725; *Sakan* v. *Ashford,* 23 Haw. 267; *Oyama* v. *Stuart,* 22 Haw. 693; *Union Feed Co.* v. *Kaaihue,* 21 Haw. 345; *Harh Hak Sae* v. *Yee Nai Soo,* 18 Haw. 666; *Dole* v. *Gear,* 14 Haw. 554.) But this court has also recognized the exception to the general rule that where an appeal may be resorted to only after final judgment and would not prevent unjust proceedings prior thereto, nor the expense, vexation and annoyance of a trial and of an appeal, then prohibition is an appropriate remedy to arrest the unauthorized proceedings prior to judgment as well as after it. (*Andrews* v. *Whitney,* 21 Haw. 264.) If the proceedings below should terminate prior to final decree, an appeal from any interlocutory order that might be made would be by grace and not of right. There is no assurance that it would be allowed. If the motion to modify went to the merits, the petitioner might desire to adduce evidence upon the statutory considerations involved. His own evidence might become necessary, requiring his deposition if not his personal presence at the hearing. He may also desire the evidence of other witnesses. After final decree there is the liability of appeal, necessitating a transcript of the evidence and the record on appeal. All this involves delay and expense, and es-

pecially expense in relation to matters that may become immaterial if it should ultimately be determined that the judge of the division of domestic relations was without jurisdiction. This may be obviated by a summary proceeding, such as prohibition, in and by which the sole question of jurisdiction may be immediately and finally determined. Under the circumstances, neither an interlocutory appeal nor an appeal from a final decree is a complete and adequate remedy and the chief justice, in his discretion, properly allowed the temporary writ.

2. But, in our opinion, the judge of the division of domestic relations under the provisions of section 4476, *supra,* is authorized and empowered to revise or alter the decree of divorce or make a new decree to the extent sought by the motion to amend as it now stands.

It is conceded that at the time of the entry of the decree of divorce, the judge of the division of domestic relations had jurisdiction of the parties to the action. He also unquestionably had jurisdiction of the subject matter, *i.e.,* divorce. The subject matter of divorce includes the incidental subject matter of custody of minor children of the marriage. (*Holloway* v. *Brown,* 14 Haw. 171, 174.) Moreover, this jurisdiction is a continuing one (*Vetlesen* v. *Vetlesen,* 18 Haw. 164, 166; *Macario* v. *Macario,* 30 Haw. 652, 654) ; unless it may be said that by the failure of the prayer of the libel to include the subject of the custody of the minor child or by the failure of the decree to contain a provision for her custody, the judge of the division of domestic relations lost jurisdiction over the incidental subject matter of custody and is now powerless to act.

The provisions of section 4476, *supra,* are broad and comprehensive. They contemplate action by the court in its discretion in respect to the custody of minor children of the marriage, both upon annulment or decree of divorce

or afterwards upon the petition of either of the parties, as the circumstances of the parents and the benefit of the children may require. The full text of the statute is quoted in the margin.[1] Its action afterwards may be either by revision or alteration of the original decree or by the making of a new decree. The statute clearly indicates the legislative intent to vest in the judge having jurisdiction of divorce the continuing power over the custody of the children of the marriage, irrespective of when such jurisdiction is invoked.

The failure of a parent to pray for the custody of minor children of the marriage cannot and it does not deprive the court having jurisdiction of the divorce proceedings from considering the question of custody, determining in whose custody the welfare of the minors is best conserved and adjudicating accordingly. On the contrary, where it appears that there are minor children of the marriage and their best interests are not conserved by the existing statutory provisions in respect thereto, it is the duty of the court to act. (*Wells* v. *Wells,* 11 App. Cas. [D.C.] 392; *Snover* v. *Snover,* 10 N. J. Eq. 261.) The divorce of the parents necessarily has a direct effect upon the future welfare of the minor children of the marriage, and upon the divorce of the parents such minors become wards of the court and are its special concern. Their existence, however it may be made to appear, confers juris-

---

[1] "Sec. 4476. Care, custody, education and maintenance of children. Upon annulling a marriage, or decreeing a divorce, the judge may make such further decree as he shall deem expedient, concerning the care, custody, education and maintenance of the minor children of the parties, and determine with which of the parents the children or any of them shall remain; and the judge may from time to time afterwards, on the petition of either of the parties, revise and alter the decree concerning the children, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

diction upon the court to adjudicate as to their future custody.

Nor do we believe that the silence of the decree as to future custody of the minor children of the marriage affects the continuing jurisdiction of the judge of the division of domestic relations. The statute, in conferring the power to enter a new decree, clearly indicates the legislative intention that, where for any reason upon annulling a marriage or decree for divorce the court fails to make a provision for the future custody of the minor children of the parties, the mere revision or alteration of the existing decree might become necessary. The legislature apparently anticipated that the use of the words "revised" or "altered" might not be sufficient to include the additional power to enter an entirely new decree. Under the plain terms of the statute, the failure of the decree to make provision for the future custody of the minor child of the marriage is immaterial. It is sufficient that it now appears that the circumstances of the parents and the benefit of the child might require an express judicial adjudication as to its future custody.[2]

Pursuant to the views herein expressed, the demurrer is sustained upon the second ground thereof and the petition is dismissed.

*J. R. Cades* (Smith, Wild, Beebe & Cades on the brief) for respondent.

*G. M. Nowell* (also on the brief) for petitioner.

---

[2] Support for this conclusion is found in the case of *Chambers* v. *Chambers*, 75 Neb. 850, 855, where a statute similar in all respects to section 4476 is construed.