STATE OF HAWAII EX REL. CONRAD DI TULLIO
v. RONALD B. JAMIESON, JUDGE, CIRCUIT
COURT OF THE FIRST JUDICIAL CIRCUIT,
WILLIAM K. HANIFIN, KAYE HANIFIN, A
MINOR, BY WILLIAM K. HANIFIN, HER NEXT
FRIEND, AND QUEEN'S HOSPITAL.

No. 4358.

April 20, 1965.

Tsukiyama, C.J., Cassidy, Wirtz,
Lewis and Mizuha, JJ.

*Per Curiam.* This case comes before the court on an
alternative writ of prohibition. Petitioner seeks an adjudi-
cation that the action filed in the First Circuit Court by
respondents, William K. Hanifin and his daughter, Kaye
Hanifin, against Queen's Hospital and petitioner, is be-
yond the cognizance of the Circuit Court by reason of
the provisions of R.L.H. 1955, § 231-4.[1]

On January 14, 1963, the case was called in the Third
Division of the Circuit Court, Honorable Ronald B. Jamie-
son, named herein as a respondent, presiding. On August
10, 1961, a Statement of Readiness had been filed under
Rule 13 of the Revised Rules of the First Circuit Court,
by plaintiffs Hanifin, who are respondents in this court.
This Statement of Readiness was not filed within 90 days
after the revised First Circuit Court rules took effect on
July 1, 1960, so that the case, though then at issue, took

---

[1] The statute is set out in note 5 of the opinion in *Kudlich* v. *Ciciarelli*,
No. 4353, this day decided.

its standing on the trial calendar according to the date when the Statement of Readiness was filed.[2] It apparently was called on the opening of the new term of court, which was January 14, 1963, the date above mentioned.

When the case was called petitioner Di Tullio was present by counsel, according to the minutes of the court, but at the next hearing, which was held on January 30, 1963 to consider the effect of section 231-4, petitioner was not represented. It appears from the argument in this court that petitioner deliberately absented himself from that hearing and resorted directly to this court out of concern that otherwise there might be a waiver of his rights under section 231-4 through submission to the jurisdiction of the circuit court.[3] It was Queen's Hospital which asserted in the circuit court that the case stood dismissed under the statute, raising this point at the January 14, 1963 call of the calendar and pursuing it at the next hearing. Queen's Hospital is not a petitioner here, but is named as a respondent.

In the circuit court Queen's Hospital submitted the point on the theory that this cause has been at issue since 1956. November 29, 1956 was the date of filing by petitioner Di Tullio of his answer to the amended complaint. Queen's Hospital filed its answer to the amended complaint on December 3, 1956. The complaint had been amended pursuant to a stipulation of the parties filed November 9, 1956, which also provided for, though it did not require, amended answers.

When Mr. Di Tullio filed his petition in this court he averred that the case "went to issue and became ready for trial" in 1956. Petitioner used the date November 29,

---

[2] See note 2 of the opinion in *Kudlich* v. *Ciciarelli*, No. 4353, *supra*.

[3] Petitioner's concern was needless. Under the Hawaii Rules of Civil Procedure, no waiver of rights under section 231-4 could have resulted from an appearance made for the purpose of asserting that the action stood dismissed under the statute. See 2 Moore, *Federal Practice*, § 12.12 at 2262-63 (2d ed.).

1956, the date when he filed his answer to the amended complaint, as being the date when the case was at issue. Upon this theory, even if we were to accept petitioner's contention that the cause should be deemed to have been placed on the calendar at the time of filing of this answer, the case would be governed by *Kudlich* v. *Ciciarelli*, No. 4353, this day decided. That is, since the case, even if placed on the calendar in 1956, was not maintained there under the revised rules adopted in 1960, it could not be said that the case had remained on the calendar untried for the six-year period which would make section 231-4 operative.

However, in reply argument in this court petitioner asserted that the cause should be deemed to have been at issue, and should be deemed to have been on the calendar, from the time of filing of petitioner's answer to the original complaint, which was on April 6, 1954, Queen's Hospital having answered the original complaint on January 20, 1954. The petition before us has not been amended to conform to the theory raised in reply argument. Respondents have not had an opportunity to meet it.

In any event, it is well settled that an application for prohibition will not be entertained on grounds not presented in the trial court. *Union Feed Co.* v. *Kaaihue*, 21 Haw. 345; *cf., Oyama* v. *Stuart*, 22 Haw. 693, 699. Here petitioner did not even present in the trial court any contention under section 231-4. Only Queen's Hospital did, and not on the theory now advanced by petitioner.

The alternative writ is dissolved and the petition is dismissed.

*Tobias C. Tolzmann* (*Anderson, Wrenn & Jenks* of counsel) for petitioner.

*Thomas W. Flynn* for respondents William K. Hanifin and Kaye Hanifin.

*Thomas M. Waddoups* (*Robertson, Castle & Anthony* of counsel) for respondent Queen's Hospital.