MAURICE SAPIENZA, Prosecuting Attorney, City and County of Honolulu, State of Hawaii, Petitioner, *v.* WALTER M. HEEN, Judge, Circuit Court, First Circuit, State of Hawaii, and BROOK HART, Respondents

NO. 6246

SEPTEMBER 29, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

*Per Curiam.* The Prosecuting Attorney for the City and County of Honolulu (Prosecutor) has applied in this court for a writ of prohibition against Judge Heen of the first judicial circuit, to prohibit the enforcement of an order issued by Judge Heen on June 14, 1976 in the course of a criminal trial. A witness for the defendant in that trial had stated to Judge Heen, out of the jury's hearing, that defense counsel, Mr. Hart, had bribed her. Hart then moved that a temporary injunction be issued to prohibit the bringing of the bribery

charge before a grand jury until after the close of his client's trial, in order to minimize publicity which might jeopardize the client's trial. Judge Heen's order of June 14 accordingly enjoined the Prosecutor from seeking an indictment or presenting evidence to a grand jury, with respect to the bribery charge, until completion of the current trial "EITHER BY JURY VERDICT OR MISTRIAL." Additionally, the order directed the Prosecutor to inform Mr. Hart in writing at least 48 hours prior to presentation of evidence to the grand jury, and to allow Hart to testify before the grand jury if he so desired.

Although the deputy prosecuting attorney present at trial indicated little or no opposition to the terms of the order, the Prosecutor now applies for a writ of prohibition against enforcement of the order, contending that Judge Heen lacked jurisdiction to even consider a petition to limit the Prosecutor in the exercise of his discretionary duty to present evidence before the grand jury. The Prosecutor cites authority tending to support the proposition that courts are without power to restrain threatened, or pending, criminal prosecutions, or to order that a prospective indictee be permitted to testify before the grand jury.

Mr. Hart's counsel and the Attorney General, counsel for Judge Heen, both oppose issuance of the writ. They cite cases intimating that, where necessary to prevent a miscarriage of justice or a serious violation of constitutional rights, courts may restrain or require postponement of a criminal prosecution. Mr. Hart's counsel further argues that the circuit courts, in the exercise of a general supervisory power over grand juries, and in order to ensure fairness in the indicting process, may order that a potential indictee be notified and allowed to testify before the grand jury.

After Judge Heen had responded, through the Attorney General, to the application for prohibition, the Prosecutor filed a motion to disqualify the Attorney General as counsel for Judge Heen on the grounds (1) that the Attorney General is unauthorized to defend a judge unless the judge's contested actions are first determined, by the reviewing court, to be

prima facie in the public interest and (2) that, under all the facts and circumstances of this case, representation by the Attorney General gives an appearance of impropriety.

The motion to disqualify the Attorney General is denied. The application for writ of prohibition is also denied.

Regarding the motion to disqualify, the Prosecutor's first ground for the motion, that the Attorney General is not authorized to represent a judge unless the judge's actions are first adjudicated to be prima facie in the public interest, is a novel proposition nowhere intimated in our statutes. HRS § 28-4 clearly states that the Attorney General shall give legal counsel to "the heads of departments, magistrates, and other public officers, in *all matters* connected with their public duties . . . ." (Emphasis added). In this case, the application for prohibition was made against Judge Heen in his capacity as a "Judge, Circuit Court, First Circuit, State of Hawaii." This was sufficient basis for representation by the Attorney General.

The Prosecutor's alternative ground for disqualification, that representation by the Attorney General under the particular facts of this case gives an appearance of impropriety, is unsupported by statutory or case authority. The Prosecutor makes much of the fact that in a separate case (which had briefly been before Judge Heen until his recusal), the Attorney General there argued that, under the exceptional circumstances of that case, the Prosecutor should be enjoined from taking certain evidence before the grand jury. The fact that Judge Heen in the instant case has adopted a point of view somewhat similar to a point of view advocated by the Attorney General in another case should not prevent the Attorney General from representing Judge Heen now. The allegation of an appearance of impropriety is especially weak here because the Attorney General's office was in no way involved in the instant case prior to the Prosecutor's application for prohibition.[1] Although it is conceivable, as the Prosecutor

---

[1] Even if the Attorney General had been involved at the trial level and had advocated the view adopted in Judge Heen's order. it would not necessarily follow that the Attorney General's representation in this court would give the appearance of impropriety.

suggests, that the representation of a judge by the Attorney General might seem, in the eyes of some, to illustrate "buddyism" between the Attorney General's office and State judges, such speculation is outweighed by HRS §28-4, *supra*, which imposes on the Attorney General the affirmative duty to provide counsel for judges being sued in their official capacities. Speculation as to "buddyism" would appear equally well founded where any private attorney represents a judge in court. We find no substantial appearance of impropriety.

As for the Prosecutor's application for prohibition, it is now largely moot. That portion of Judge Heen's order temporarily enjoining efforts to bring an indictment against Mr. Hart was, by its own terms, effective "until the trial in the above-captioned matter is terminated; EITHER BY JURY VERDICT OR MISTRIAL." It is undisputed that the jury verdict has been announced in the case referred to. Therefore we do not reach the question of whether or not Judge Heen had jurisdiction to temporarily enjoin the Prosecutor from seeking an indictment.

The second part of Judge Heen's order, which commanded the Prosecutor to give 48 hours notice to Mr. Hart and to give Hart an opportunity to testify before the grand jury, is not so clearly moot, although a deputy prosecuting attorney informed this court at oral argument that, in the circuit court minutes for July 9, 1976, it is recorded that Judge Heen "'rescinded any order prohibiting the prosecutor from taking grand jury action.'" This appears to mean that Judge Heen's entire order has been orally rescinded. At oral argument, however, neither the deputy prosecuting attorney nor the deputy attorney general provided information which would clearly establish whether or not the order has been effectively rescinded in its entirety. We must assume that the second part of the order is still in effect.

We find that, under the circumstances of this case, the second part of the order went beyond any legitimate supervisory powers of the circuit court over grand jury proceedings.

In *Tong Kai v. Territory,* 15 Haw. 612, 613 (1904), this court held: "The accused has no right to appear or to have a witness heard in his behalf by the grand jury." However, counsel for Mr. Hart contends that, under certain circumstances, the circuit court, in the exercise of a general supervisory power over the grand jury, may require that an accused be permitted to testify. The following quotation from *People v. Sears,* 49 Ill.2d 14, 31, 273 N.E.2d 380, 389 (1971), is offered as authority:

> "We hold . . . that there may be circumstances under which the circuit court will have jurisdiction to direct that witnesses be subpoenaed to appear before a grand jury. The preservation of the historic independence of the grand jury, however, requires that such supervisory power be exercised only when failure to do so will effect a deprivation of due process or result in a miscarriage of justice. . . ."

We find no circumstances in this case that would justify giving Mr. Hart the extraordinary relief of a permanent mandatory injunction against the Prosecutor. We note that the second part of the order, at least since termination of the trial of Mr. Hart's client, is in no way connected to the client's right to a fair trial, and thus is solely for Mr. Hart's personal benefit. We do not decide whether the second part might be justified if it were connected to the client's right to fair trial. Nor do we decide whether there could exist exceptional circumstances, threatening an irreparable denial of due process to Mr. Hart, where he might be entitled, in his own personal right, to testify before the grand jury. Under the facts of this case, Mr. Hart has failed to prove facts to justify his obtaining a permanent mandatory injunction against the Prosecutor.

However, it is well settled that an application for prohibition will not be entertained on grounds not presented to the trial court, either expressly or by clear implication. *State ex rel. DiTullio v. Jamieson,* 48 Haw. 303, 401 P.2d 456 (1965). In the instant case, the record is bereft of evidence that the Prosecutor presented to Judge Heen the grounds urged in this court. The appropriate action for the Prosecutor to take now

is to move before Judge Heen that the order be rescinded, urging the reasons presented here. If rescission is denied, that will be the appropriate time to apply for a writ of prohibition.

The application is denied without prejudice.

*Randolph Slaton*, Deputy Prosecuting Attorney, *Maurice Sapienza*, Prosecuting Attorney, for State of Hawaii, petitioner.

*Michael Lilly*, Deputy Attorney General, *Ronald Y. Amemiya*, Attorney General, for *Judge Walter M. Heen*, respondent.

*David Hall and William S. Hunt (Hart, Leavitt & Hall* of counsel) for *Brook Hart*, respondent.